JOHN H. HERNDON v. JOHN BREMOND.

Where the appeal bond stated the title and number of the suit in the Court below, and described the judgment accurately in so far as it affected the appellant, it was held not to be a good objection that the bond omitted all notice of other defendants against whom judgment was included in the same entry. The bond also stated the date of the judgment.

An appellant cannot assign errors committed against his co-defendant, which do not affect him ; and it makes no difference that such co-defendant is the wife of the appellant.

Where the plaintiff claimed as endorser of a note for value before due, and prayed the enforcement of a vendor's lien on land for which the note was given, it was held that *prima facie* the plaintiff was not chargeable with notice of a defect in the title to the land, whereby the consideration of the note had failed.

It would seem that failure to join in a writ of error, prosecuted by one or more of several defendants, does preclude a defendant from subsequently prosecuting a writ of error in his own behalf.

Appeal from Travis. Tried below before the Hon. Thomas H. DuVal.

Suit by appellee against appellant and others, on a promis-

sory note made by John H. Herndon and John T. Cleveland, in favor of John Burleson. The note was given for part of the purchase money of a lot sold by Burleson to Juliet M. Herndon, wife of the said John H. Herndon, but such fact did not appear in the note. Burleson executed his bond for title to said Juliet, upon the payment of the purchase money. Burleson assigned the note to Bremond, the plaintiff, before its maturity.

Allegation that Burleson retained a lien on the land, which passed to Bremond by the assignment of the note. Juliet M. Herndon was made a defendant. Prayer for judgment and foreclosure. The defendants, among other things, pleaded failure of consideration in this, that Burleson had no title to the land for which the note was given.

A jury was waived, and the cause submitted to the Court on the facts.

The plaintiff introduced the note sued on, and the endorsement to himself, and the bond of Burleson to Juliet M. Herndon, showing that the note sued on was given in part payment of the land.

A. R. Scallorn testified for the defendants that he purchased the lot, for which the note was given, from one Holt, and sold it to George W. Scott, received part of the payment in notes and effects and the balance in money ; that he still held the notes and the right to the land, having only given a bond for title.

This was all the evidence in the case.

On the 8th of August, 1856, the Court rendered judgment in favor of the plaintiff against John T. Cleveland and John H. Herndon, principals, and John Burleson for the amount of the note sued on and for interest and costs ; and ordered the sale of the land to satisfy the judgment.

The appeal bond was entitled as of a suit " John Bremond v. J. H. Herndon et als., No. 916," and recited that whereas on the 8th day of August, 1856, in the District Court of Tra-

vis county, a judgment was rendered in the above entitled cause, No. 916, of John Bremond v. J. H. Herndon et als., against the said Herndon and John T. Cleveland, for &c. Now if, &c.

*Shelley, Carrington* and *Peck*, for appellant.

*J. A. & R. Green,* for appellee.

WHEELER, J. It is suggested on behalf of the appellee, that the appeal bond is insufficient. The bond identifies the case by its title and number on the docket, and describes the judgment accurately in so far as it affects the appellant. There is no misdescription of the judgment; but only not so full and particular a description as might have been given of its contents. But the mere omission in the bond of a full and particular description of the judgment in every particular, if it be sufficiently described to identify it, has not been held a ground for dismissing the appeal.

It is to be observed that John H. Herndon alone appeals. The other defendants have not joined in the appeal ; and, as far as we are informed by the record, are content with the judgment. The appellant cannot assign errors committed against his co-defendants, which do not affect him. (Hendrick v. Cannon, 5 Tex. R. 248.)

The only ground of error complained of, affecting the appellant, is the giving the judgment for the plaintiff, notwithstanding the alleged failure of consideration. But to this it is a sufficient answer, that the note was assigned to the plaintiff before maturity, and there is no evidence that he had notice of any vice in the consideration.

There being no error in the judgment, of which the appellant can complain, it must be affirmed as to him. If the other defendants are aggrieved by the judgment, they have their

remedy. (Sartain v. Hamilton, 14 Tex. R. 348 ; 8 Id. 162.)
The judgment is affirmed.

Judgment affirmed.