ALEXANDER HORTON AND OTHERS, v. NANCY BODINE.

Where the plaintiff, in an action of trespass to try title, recovers judgment for the land, and also for damages, and the appeal bond merely describes the judgment as a judgment for so much money—the amount of the damages recovered—the appeal will be dismissed, on motion at the proper time, for misdescription of the judgment, in the appeal bond.

Where there is judgment against several, for different amounts against each, quere, whether it would be sufficient in the appeal bond, to describe the judgment as against all for the aggregate amount ?

The rule of practice in the Supreme Court is, that motions to dismiss an appeal, for defect in the appeal bond, shall be made at the return Term of the appeal, provided the cause be docketed at or before the time allotted for the trial of appeals from the District.

Causes may be brought up by writ of error, (previous to Act of 1858, which requires a bond for costs,) without bond; and if a bond, which is absolutely void, be given, this will be no ground for dismissal of the suit.

Where several defendants joined in an appeal, giving an appeal bond which misdescribed the judgment ; and before motion to dismiss the appeal was sustained, one of the appellants died and his administrator became a party ; the Court expressed a doubt whether the appeal should be dismissed as to the administrator, of whom the law does not require an appeal bond ; but, as the question had not been discussed, and it was not too late to prosecute a writ of error, the appeal was dismissed.

Appeal from San Augustine. Trespass to try title by appellee, Nancy Bodine, against appellants, Alexander Horton, Martha R. Wood, William Harrell, Sen'r, and Richard H. Cartwright.

The verdict of the jury was as follows : "We, the jury, find for plaintiff, and assess her damages against Alexander Horton to be one hundred and five dollars ; against Richard Cartwright to be thirty dollars ; against Mrs. Martha Wood to be six hundred dollars ; this October, 22nd, A. D. 1855." The judgment, entered same day, after reciting the verdict, continued as follows : It is, therefore, ordered, adjudged and decreed, by the Court, that the said plaintiff, Nancy Bodine, have and recover of the said defendants, Alexander Horton, Martha R. Wood, William Harrell, Sen'r, and Richard H. Cartwright, the possession of the said tract of land and des-cribed by her in her petition," that a writ issue to put her in possession, &c. The entry then further adjudged to plaintiff, in separate paragraphs, the damages assessed by the jury against each of three of the defendants. Final paragraph against all of defendants for the costs. October 24th, 1855, plaintiff entered remittitur of $300 of the damages assessed against Martha R. Wood.

All of the defendants joined in the appeal and appeal bond. The appeal bond was in the sum of $870 ; and the description of the judgment was as follows : "The condition of the above bond is such, that, whereas, the above bounden Alexander Horton, Martha R. Wood, William Harrell and Richard H. Cartwright, have prayed an appeal to the Supreme Court, from a judgment rendered against them by our San Augustine County District Court, in favor of Nancy Bodine, for the sum of four hundred and thirty-five dollars, and have obtained the same returnable, &c." The bond was not entitled of the cause.

The transcript was filed May 19th, 1856 ; the cause dock-eted to that Term ; and opposite to the name of the appellee was written the name of her counsel, on the docket from which the Court calls cases for hearing, and upon which memoranda of proceedings are made by the Court. It is the practice of

the Court thus to enter the name of counsel on said docket, as the cases are called.    The death of Richard H. Cartwright having been suggested, the cause was continued.

At the next Term, 1857, appellee's counsel filed a motion to dismiss, on the ground of misdescription of the judgment, by the appeal bond ; and suggested orally to the Court, that the entry of their names on the docket at the previous Term, was made by mistake.    In the meantime, the administrator of Cartwright made himself a party.

*Henderson & Jones*, for motion to dismiss, cited Hart. Dig. Art. 790 ; 4 Tex. R. 287 ; 10 Id. 277 ; 12 Id. 37.

*T. W. Jones*, against motion to dismiss, cited Hart. Dig. Art. 789, 790 ; 10 Tex. R. 277.

But if the appeal bond should be thought obnoxious to all the objections urged against it by the counsel for the appellee, will the Court dismiss the appeal at this, the second Term since the case was put upon the docket; and when one of the appellants, Mr. Cartwright, is dead, and is now represented in this Court by an administrator ?    Is an appeal bond necessary when one of the appellants is an administrator, although he may have become such since the appeal?    (Hart. Dig. Art. 804.)

HEMPHILL, CH. J.    The appellee moves to dismiss the appeal in this case, on several grounds ; the first and most important of which is  misdescription of the judgment in the appeal bond.    The bond describes the judgment as one rendered in favor of appellee and against appellants, for the sum of four hundred and thirty-five dollars ; whereas the judgment in fact is, that the appellee recover of the appellants the possession of a tract of land and costs of suit ; and, also, that the appellee recover of the appellant A. Horton, one hundred and five dollars as damages; of R. H. Cartwright, another appellant, thirty dollars ; and of Martha R. Wood six hundred dollars,

the damages assessed. Before the motion for new trial was disposed of, the appellee remitted three hundred dollars of the damages recovered against Martha R. Wood. The discrepancy between the judgment as recited, and as it existed, is striking.

The only point of similarity is, that the aggregate of the several judgments against the parties separately, for the particular amount of damages recovered against each defendant, amounts, on deducting the sum remitted, to four hundred and thirty-five dollars, the sum specified in the bond as having been recovered against all the defendants. But this is not sufficient to identify the judgment. Its description, however accurate, of the several amounts assessed as damages against the defendants separately, would not have been sufficient, without specifying the principal judgment, viz : for the recovery of the land. (10 Tex. R. 277 ; 12 Id. 37.) Upon this ground the motion must be sustained.

This cause was placed on docket at the last Term of this Court, when a suggestion was made of the death of Richard H. Cartwright, one of the appellants. His administrator appeared at this time and made himself party appellant. When subsequently, there was a motion on behalf of appellee to dismiss the appeal, it was stated that no appearance had been entered for the appellee at the previous Term, and that the name of her attorney was placed on the docket through mistake. We do not deem it necessary to examine our various decisions, to ascertain the rulings as to the time at which motions to dismiss an appeal, for defect in the appeal bond, shall be made. But for the future, the rule of practice shall be, that the motion shall be made at the return Term of the appeal, provided the cause be docketed at or before the time allotted for the trial of appeals from the District.

Causes may be brought up by writ of error, without bond ; and if a bond which is absolutely void be given, this will be no ground for dismissal of the writ. Both modes of the appel-

late process should be harmonized as much as possible, and an appellee cannot complain when allowed a Term to object to the defects of the bond on appeal, when, if it were a writ of error, he would not be heard on such objection.

The question whether the appeal should now be dismissed for the defect of the bond—one of the parties being now an administrator, and who, as such, is not required, on appeal, to give any bond—is not free from doubt. But the subject has not been discussed, and as the parties may still bring up the cause by writ of error, if they be so advised, we do not deem it necessary to examine and decide, under the circumstances, the point that has been suggested.

We are of opinion that the appeal bond is defective in that it misdescribed the judgment, and the appeal is therefore ordered to be dismissed.

Appeal dismissed.

Roberts, J., did not sit in this case.