## J. W. JENKINS AND ANOTHER v. J. L. McNEESE.

1. An appeal to this court is liable to be dismissed when the certificate of the district clerk fails to show that the transcript sent up contains all the proceedings had in the case in the court below.

2. An appeal bond should state the names of all the parties to the judgment appealed from. If any are omitted, the judgment is misdescribed.

3. A delivery bond which is conditioned for the delivery of the property on a day which had already passed when the bond is given is void ; though the defect in the bond might, it seems, be cured by proper allegations and proof that the defect was mere clerical error.

4. If a judgment creditor takes out execution against the principal in the judgment, and then waives it and has it returned unsatisfied, the sureties in the judgment are thereby discharged. (Parker v. Nations, 33 Texas, cited by the court.)

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

This was an injunction suit instituted by the appellee against James W. and Harriet A. Jenkins, and T. A. Baker, sheriff of Washington county, to restrain execution in favor of J. W. and H. A. Jenkins against one W. B. Lipscomb and petitioner McNeese, emanating from a delivery bond executed by Lipscomb as principal and McNeese as surety. This bond was dated April 5, 1860, and bound the makers for the delivery of the property on the third of the same month—a day already elapsed.

The injunction was perpetuated by the district court, and the Jenkinses appealed ; but in their appeal bond they take no notice of Baker, the sheriff, who was a party to the suit.

In certifying the transcript sent up to this court, the district clerk stated that it comprised " a true and correct copy of the following papers," proceeding to enumerate the several proceedings from the petition to the assignment of errors ; but not certifying that these were all the proceedings had in the cause.

*S. C. Upshaw*, for the appellants.

*Sayles & Bassett*, for the appellee, moved to dismiss on the grounds indicated in the statement of the case.

WALKER, J.—We think the motion to dismiss in this case is well taken. It does not appear from the certificate of the clerk that the record before us is a complete transcript of all the proceedings had in the case.

The certificate is not in accordance with the requirements of the law, article 1494, Paschal's Digest. The appeal bond misdescribes the judgment.

Were we to determine the case on its merits, we can only look to the pleadings in the case, there being no statement of the facts which we can regard as such. (See 23 Texas, 65, Fulgham v. Bendy, and Birge v. Wanhop, Ib., 441.) The judgment of the district court, we think, is essentially correct.

The delivery bond was dated April 5, 1860, conditioned for the delivery of property on the third day of the same month and same year. (See Violand v. Saxel,[1] 31 Texas, 283.)

The writ required the defendants to appear at a time which had elapsed before it was issued, and was therefore held to be void.

[1] The syllabus in this case, as reported, misstates the decision of the court

If the error was clerical merely, it might have been healed by proper allegation and proof, but none such has been made.

Where the creditor takes out execution against the principal in a judgment, and then waives it and causes it to be returned unsatisfied, the security is thereby discharged. (See Parker v. Nations, pamphlet copy, Galveston cases, 47; 33 Texas, 210.)

The judgment of the district court is affirmed.

Affirmed.