## RUSSELL HOWARD v. MALSCH, PASCHAL, ET AL.

1. PRACTICE IN SUPREME COURT—ESTOPPEL.—The transcript of a cause was, by order of the Supreme Court, permitted to be filed after the expiration of the time allotted to the assignment to which the cause belonged, and when counsel for appellees were not attending the court. At a subsequent term of the court, and in proper time for causes returnable at that term, appellees moved to dismiss the appeal for insufficient appeal bond: *Held*—

    1. That as the transcript was filed after the assignment, appellees had no opportunity to file their motion in the time required by rule 8. Their failure to do so could not be considered as a waiver of even formal objections to the bond, under the terms of rule 8.

    2. Appellees were not concluded by the action of resident counsel, who, at a former term, after the assignment had passed, in the absence of appellees' counsel, assumed to represent them and consent to a continuance of the cause.

2. APPROVED.—Overton *v.* Terry, 49 Tex., 777, approved.

3. PRACTICE IN SUPREME COURT.—The filing by an appellee of a certificate for affirmance, will not estop him from afterwards attacking

the appeal bond for insufficiency, after appellant has filed the transcript under leave from the court.

4. FACT CASES.—See opinion for appeal bond fatally defective because of misdescription of the judgment appealed from.

APPEAL from Bexar.   Tried below before the Hon. George H. Noonan.

The opinion states the case.

*William Alexander,* for appellant.

*Waelden & Upson,* for appellees.

GOULD, ASSOCIATE JUSTICE.—This appeal was returnable to the last term of this court, but the transcript not being filed, the appellees filed, during the time appropriated to the assignment, a certificate for affirmance.  Opposition was filed to the affirmance, and a motion was also made for leave to file the transcript, then being prepared.  The appellees appeared and resisted the latter motion, but, by order of court, the transcript was filed on May 26, long after the time for the assignment had passed, and at a time when counsel for appellees were not in attendance on court.  Subsequently the cause was continued by consent, the docket showing that, on the part of appellees, the consent was made known through resident counsel answering on behalf of absent counsel for appellees.  At this term of the court, and in proper time for cases returnable at this term, appellees moved to dismiss the appeal, on the grounds that " the bond does not describe the judgment appealed; that the bond fails to identify the judgment," and that it is not " conditioned as the law requires."

As the transcript was filed after the assignment, the appellees had no opportunity to file their motion at the time required by rule 8, and their failure to do so cannot be considered as a waiver of even formal objections to the bond, under the terms of rule 8.

In the case of Overton *v.* Terry, 49 Tex., 774, a motion filed

under similar circumstances was regarded as filed in time, and we think that the motion in the present case is not too late, and should be entertained.

It is objected that, having sought an affirmance on certificate, thereby treating the bond as valid, appellees are estopped from filing the motion attacking the bond at this term. No authority has been adduced to that effect, and we are unable to see why appellees should be precluded from attacking the bond because at one time they treated it as valid.

The judgment appealed from is entitled " M. Malsch *et al. v.* Russell Howard *et al.*," but is a judgment that "Justin McKinzie, P. H. Morer, Charles Brinkhoff, Michael Long, Eliza F. Morer, Joseph Crusand, and Hiram H. McLane, styled plaintiffs herein, do have and recover of Russell Howard, now sole defendant in the above-entitled cause, the several pieces and lots of land described in their pleadings; that is to say, that the said Justin McKinzie have and recover," &c.,—proceeding to render judgment in favor of each party named above against Russell Howard for several lots and tracts of land, awarding a writ of possession, quieting their title, and enjoining Howard and those under whom he claims, and those claiming under or with him, from claiming or interfering with the lands. It is also decreed that Howard take nothing by his petition in original case number 322, and costs are awarded against Howard in favor of McKinzie and the others named above.

The appeal bond is entitled like the judgment; recites that " the plaintiffs, Malsch, Paschal, *et al.*, recovered a judgment against the defendant, R. Howard, for the lands therein sued for, and quieting their title to the same, from which judgment the said Howard has appealed "; and proceeds to bind Howard and sureties " unto the plaintiffs in said suit—to wit, Malsch, Paschal, Mays, *et al.*"

We are very clear that this bond, if intended to be a bond to McKinzie and the others in whose favor the court rendered judgment, fatally misdescribes the judgment rendered. The judgment rendered was in favor of none of the parties named

in the bond, nor are any of the parties in whose favor the judgment was really rendered referred to by name in the bond. (Hollis *v.* Border, 10 Tex., 278.)

The motion to dismiss is sustained.

DISMISSED.

[The opinion in this case was delivered April 25, 1879, during the Austin Term, but did not reach the reporters in time for 51 Texas.]