A. KERR, GUARDIAN, ET AL. v. S. A. STONE.

(No. 1289, Op. Book No. 2, p. 595.)

APPEAL from Fort Bend County.   Opinion by WHITE, P. J.

§ 810. *Appeal bond from justice's court; guardian, etc., not required to give.*   Stone recovered a judgment in justice's court against Kerr, as guardian of a minor, and against the other appellants, several in number. Appellants appealed to the county court.   Appellant Kerr, as guardian, did not give an appeal bond.   The other appellants gave an appeal bond.   The appeal was dismissed in the county court as to all the appellants.   *Held*, article 1408 of the Revised Statutes provides that "executors, administrators and guardians shall not be required to give bond on any appeal or writ of error taken by them in their fiduciary capacity."   This provision is made directly applicable to proceedings in justice's court by article 1644, Rev. Stats.   The court erred in dismissing the appeal as to appellant Kerr.

§ 811. *Same; misdescription of judgment.*   The judgment appealed from was rendered July 25, 1881, in favor of S. A. Stone, and against appellant Kerr, as guardian of a minor, and several other parties who are appellants

herein, for the sum of $196, and interest and costs.   The appeal bond does not give the style or the number of the case, and describes the judgment as one rendered on the 28th of July, 1881, and omits the name of Kerr as one of the parties against whom the judgment was rendered. *Held*, this certainly does not describe the judgment of the justice, which was rendered on the 25th of July, and one of the necessary parties to which judgment was A. Kerr. This bond does not come within the liberal rule laid down in Herndon v. Bremond, 17 Tex. 432, as to the sufficiency of the description in an appeal bond.   Judgment affirmed as to all the appellants except A. Kerr, but as to him it was

March 15, 1882.                     Reversed and remanded.