Texas & Pacific Railway Company v. G. M. Tribble.

Decided April 4, 1902.

**1.—Carriers of Live Stock—Negligence—Charge.**

Where a railway company was sued for damages to two carloads of horses shipped over its line, a charge defining negligence as "such care, prudence, and caution as an ordinarily careful, prudent, and cautious man would have exercised under like circumstances," and instructing that a failure by the defendant to exercise such prudence and caution in handling the horses would constitute negligence, is approved.

**2.—Appeal—Suggestion of Delay—Damages.**

While a suggestion of delay by appellee in this case would have entitled him to an affirmance with 10 per cent damages, yet as no such suggestion is made, the judgment is affirmed without damages.

Appeal from Taylor. Trieb below before Hon. N. R. Lindsey.

*B. G. Bidwell,* for appellant.

*Hardwicke & Hardwicke,* for appellee.

STEPHENS, Associate Justice.—This appeal is from a verdict and judgment for $750 recovered as damages to two cars of horses carried from Cisco to Waskom, Texas, in November, 1900.

The evidence tended to prove and warranted the jury in finding that through the negligence of appellant there was delay of about twenty-three hours in the carriage of these horses from Cisco to Waskom—the time usually required being only about twenty-four or twenty-five hours; and that this delay, together with the careless and rough manner in which the horses were handled—resulting in the loss and death of some of them—produced injuries commensurate with the damages recovered. The assignment that the verdict is excessive is therefore overruled.

The testimony of appellee as to the market value of the horses in good condition as Waskom fully warranted the charge complained of in the second assignment on the measure of damages, and that assignment is consequently overruled.

We approve the charge defining negligence, and therefore overrule the third and last assignment, complaining of it.

A suggestion of delay would have entitled appellee to damages in

this case, as in quite a number of other simple damage suits brought before us by this and some other appellants, but as the party interested has not seen fit to make the suggestion we have hitherto hesitated and still hesitate to affirm with damages, especially as the verdicts fixing the amount of damages in such cases are usually about all that the evidence most favorable to recovery will warrant.

The judgment is affirmed.

*Affirmed.*

Hunter, Associate Justice, did not sit in this case.