## GENERAL EXCHANGE INS. CORPORATION v. HILL et al.

### No. 3863.

Court of Civil Appeals of Texas. El Paso.
July 6, 1939.

Rehearing Denied July 29, 1939.

Edward A. Brown and Lee & Porter, all of Longview, for appellant.

W. A. McIntosh and T. H. Briggs, both of Gilmer, for appellees.

HIGGINS, Justice.

The appellees brought this suit against the General Exchange Insurance Corporation and others not necessary to mention upon a fire insurance policy issued by said Corporation covering an automobile owned by the appellees and which it was alleged was destroyed by fire during the term of the policy. The defendant above named filed plea of privilege to be sued in Dallas County where it is domiciled. Controverting plea was filed by the appellees and upon hearing the plea was overruled. At the same term of court the case was tried upon its merits, submitted to a jury upon special issues, and judgment rendered in favor of the appellees, from which the above named defendant appeals.

Appellant specially excepted to the controverting affidavit filed by the appellees because the same was based upon information and belief. The statute (Article 2007, R.C.S.) requires the controverting plea to be under oath setting out specifically the fact or facts relied upon to confer venue of the cause on the court wherein the cause is pending. An affidavit and controverting plea based upon information and belief does not comply with the statute. 43 Tex. Jur., Venue, Sects. 85 and 95; E. L. Witt & Sons v. Stith, Tex.Civ.App., 265 S.W. 1076. The exception mentioned was well taken and should have been sustained.

288

In the controverting plea the plaintiffs referred to a certain sales contract and policy of insurance and made same a part of the plea. Such contract and policy were not attached to the controverting plea. Appellant specially excepted to the plea attempting to thus make said contract and policy a part of the plea by mere reference. District and County Court Rule 19 authorizes a pleader to refer to written instruments and make the same a part of the pleadings by attaching originals or copies thereof and referring to the same. But there is no authority for making extraneous written instrument a part of a pleading by mere reference thereto.

The special exception referred to in appellant's fourth proposition is also well taken. That part of the controverting plea so excepted to was a mere conclusion of the pleader and excepted to upon that ground. No specific facts are alleged to support such conclusion and the exception should have been sustained. 43 Tex.Jur., Venue, Sect. 85.

The only reply made in the brief of the appellees to the propositions complaining of the overruling of the special exceptions above referred to is that appellant waived the errors in overruling the exceptions by failing to prosecute its appeal from the order overruling the plea of privilege and proceeding to trial upon the merits. The case was tried upon its merits at the same term of court the plea of privilege was overruled and under such circumstances no waiver against the appellant is to be implied. 43 Tex.Jur., Venue, Sect. 138; Mueller-Huber Grain Co. v. Heid Bros., Tex.Civ.App., 58 S.W. 2d 198.

The Court also erred in overruling the plea in abatement of the appellant, which plea was based upon the fact that plaintiff Virgil Hill was a minor, eighteen years old, at the time of trial, and was not represented in the suit by a guardian or next friend. 31 C.J., at pages 1112, 1113; 23 Tex.Jur., p. 757.

The instrument referred to in the seventh proposition did not release the plaintiffs' right and cause of action upon the policy of insurance, for which reason appellant's seventh proposition presents no error.

The matters referred to in the fifth, eighth, ninth and eleventh propositions should not arise upon retrial and need not be considered.

The ruling upon evidence referred to in the tenth proposition presents no error. The affidavit referred to in the proposition was offered and admitted in evidence for the purpose of showing notice of loss given to the Insurance Company as required by the policy sued upon. For this limited purpose it was admissible.

The order of the Court overruling the plea of privilege and the judgment upon the merits are reversed and the cause is remanded.