## CONLEE v. BURTON.

### No. 13304.

Court of Civil Appeals of Texas. Dallas.

March 23, 1945.

On Rehearing May 15, 1942.

Rehearing Denied June 5, 1942.

Thos. B. Ridgell, of Dallas, for appellant.

Carl Miller, of Rockwall, for appellee.

LOONEY, Justice.

This is a child custody case; the deplorable and tragic events leading to the present controversy, in short, are these: On December 12, 1938, Lemon H. Burton and Mary Cecelia Burton, man and wife, were divorced by a decree of the District Court of Rockwall County, Texas, and the custody of their only child, a son, William Henry Burton, now about eight years of age, was awarded part time to each parent. After the divorce, Mary Cecelia married Dudley (or Dick) Conlee, and for some time prior to December 20, 1941, resided with her second husband at the town of Bryson, Jack County, Texas, and it was there she kept the child during the periods she was entitled under the orders of court to have his custody. On December 20, 1941, Lemon H. Burton, the father, was at Bryson, presumably to take charge of his son as authorized by the divorce decree, when he was shot and killed by Conlee, the wife's second husband. The facts leading to the killing are not revealed by the record. Mrs. Conlee consented for Landon R. Burton, brother of the deceased, to take the boy to the funeral of his father at Royse, Rockwall County, with the understanding that he would be returned after Christmas. In the meantime, on December 24, 1941, Robert H. Burton, appellee herein, also a brother of the deceased, filed a pleading in the divorce suit, denominated a plea of intervention, but, in legal effect, an original action, alleging in short the precedent facts, including the recent slaying of the boy's father by the present husband of the mother, contending that, if she is permitted to retain custody of the boy, he would reside in the home with, and be under the domination and control of the man Conlee who just recently slew the boy's father, which would prove highly detrimental to the best interest of the child, and was of such a fundamental and radical nature as to require that the custody of the child be taken from the mother, and permanently given to appellee, who is not only willing and anxious to have custody of the child, but is able to furnish him a good home, wholesome environment, and educational advantages, etc. On filing the petition, the court entered an order setting the hearing thereon for the 17th day of January, 1942, and placed the boy, pending the hearing, in the custody of his uncle, R. H. Burton, appellee herein.

The appellant, Mrs. Conlee, who resides at the town of Bryson, Jack County, Texas, filed a plea of privilege to be sued in the county of her residence. This plea was

duly contested by appellee but we do not deem it necessary to set out the allegations of the controverting affidavit. The plea and contest were heard on January 17, 1942, resulting in judgment for appellee, sustaining the contest and overruling appellant's plea; to which she excepted and gave notice of appeal. Thereupon and immediately, on the same day, appellant filed her answer to appellee's petition, and after hearing evidence, the court sustained the contention of appellee, awarded to him the care and custody of said minor, William Henry Burton, and directed that the mother, Mary Cecelia Conlee, be privileged to see the minor at all convenient times, but that the child should not be taken or removed by her from Rockwall County. To this judgment, appellant excepted and gave notice of appeal.

Although each of these judgments, that is, the interlocutory judgment overruling the plea of privilege and the judgment awarding the permanent custody of the boy to appellee, was excepted to and notice of appeal given, yet, only one appeal bond was executed and filed, and we think its language precludes the idea that an appeal was perfected from the judgment overruling the plea of privilege; the pertinent portion of the bond reads: "Whereas, in the above numbered and entitled cause pending in the District Court of Rockwall County, Texas, on the 17th day of January, 1942, a judgment was rendered overruling the Privilege of Mary Cecelia Burton Conlee, and further the court rendered final judgment awarding the custody of William Henry Burton to R. H. Burton, and judgment for cost, from which final judgment and order the defendant Mary Cecelia Burton Conlee desires to perfect an appeal to the Court of Civil Appeals for the Fifth Judicial Supreme District of Texas, at Dallas, Texas:" etc.

We assent to the correctness of the proposition urged by appellant, that the present is an original proceeding, designed to relitigate and readjudicate the question as to the proper custody of the minor child, based upon conditions materially changed since the divorce decree, and that the venue of the proceeding is controlled by the general provisions of the Venue Statute. See Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016; Wilson v. Wilson, 137 Tex. 528, 155 S.W.2d 601. However, the new rules prescribe separate and distinct procedure for perfecting appeals from interlocutory judgments, from that prescribed for perfecting appeals generally. Appeals generally are perfected by filing with the clerk below a bond, within thirty days after the date of the judgment or order overruling motion for a new trial, Texas Rules of Civil Procedure, Rule 356, and by filing the transcript and statement of facts in the Court of Civil Appeals within sixty days from the final judgment or order overruling the motion for a new trial, etc. Rule 386, whereas, appeals from interlocutory judgments (including orders overruling or sustaining pleas of privilege) are perfected by filing bond, with the Clerk below, and the record in the appellate court within twenty days after the renditon of the judgment appealed from, Rule 385. If it could correctly be said that, one bond properly conditioned and filed within time may serve the purpose of perfecting both appeals, where, as in the instant case, the interlocutory and final judgments were rendered at same term of court (a point we do not decide), yet, we think it should explicitly appear from the language of the bond itself that, it was intended to serve both purposes. The bond in the instant case fails in that respect. Although, as shown, it recites the rendition of both the interlocutory and final judgments, yet, as indicating its specific purpose, it states, "* * * from which final judgment and order the defendant Mary Cecelia Burton Conlee desires to perfect an appeal to the Court of Civil Appeals," etc. There is no explicit indication that the bond was intended to serve both purposes; that is, of perfecting the appeal from the interlocutory order and also from the final judgment in the case.

We therefore hold that no appeal was perfected from the interlocutory order, hence that matter is not before us for adjudication.

The only question for our decision is, whether the judgment awarding permanent custody of the minor boy to his uncle, appellee herein, is sustained by evidence. We think it is. The paramount issue is the welfare of the boy, and the court below, in deciding the question, was vested with a very broad discretion and its judgment should not be disturbed unless it clearly appears that there has been an abuse of discretion. The salient facts have already been given, but not all material facts bearing upon the issue have been stated. Although meager on the point, the testimony of appellant warrants the conclusion that her acquaintance with Conlee had much to do with the estrangement, separation and divorce from Lemon H. Burton. If the boy is left in

the custody of his mother, necessarily he will be in the home with and under the domination, control, and doubtless the lash of the man who not only supplanted the father in the affections of the mother, but later slew him. The child, an innocent victim of these tragic happenings, has already suffered serious detriment, and should not, in our opinion, be further penalized by being required, during his childhood, to serve under the man who has so grievously wronged him. The boy can but look with dread and horror upon the slayer of his father, and it is not at all likely that he would ever develop respect, affection, or filial regard for him; and again, conscious of his own conduct in the premises and its impact upon the life of this boy, it is not at all probable that the stepfather would regard the boy with any degree of affection, or be solicitous for his welfare, such as should be manifested by one standing in loco parentis. In a different environment, removed from such daily contacts, the boy, in a measure, may forget these tragic events. His uncle, appellee herein, has manifested solicitude for his welfare, has interposed in his behalf, and offers him a home where he will receive the affectionate care of both uncle and aunt, who have no children, in a wholesome environment where he will be permitted to enjoy advantages, educational and otherwise, that he should have.

We therefore think the judgment below was authorized by the evidence, hence is affirmed.

Affirmed.

BOND, Chief Justice (dissenting).

On the Acts of the Legislature and the decisions of our Supreme Court I am content to repose my judgment.

This appeal is primarily from an order of the District Court of Rockwall County, Texas, overruling defendant's plea of privilege. The appeal from the judgment on the merits is merely incidental to avoid its finality pending the appeal on the venue question and to prevent the plea of privilege from becoming moot or waived.

It is a recognized rule in this State that it is within the discretion of the trial court to hear evidence upon a plea of privilege in a separate hearing, or to hear it in connection with the trial of the main case, and, in so doing there is no waiver of the error in overruling the plea of privilege, where the trial on the merits follows immediately after the plea was overruled; and, it is also a settled rule that where a plea of privilege is overruled and the trial on the merits follows immediately, the failure to appeal from both judgments is fatal to the appeal from the order on the plea of privilege— the judgment of the court below becomes final and the appeal is thereby waived, Gilmer v. Graham, Tex.Com.App., 52 S.W.2d 263; General Exchange Ins. Corp. v. Hill et al., Tex.Civ.App., 131 S.W.2d 287; Clark v. Dallas Joint Stock Land Bank, Tex.Civ.App., 153 S.W.2d 668. ·

In this instance the appeal has been timely perfected by the giving of notice of appeal and the filing of an appeal bond directed to the action of the trial court in overruling defendant's plea of privilege: Appellant's assignments and briefs are directed solely to that end and appellee's reply refers exclusively to the order on the plea of privilege. There is not a single complaining error on the part of appellant directed to the judgment of the trial court on the merits. Therefore, in absence of such assignments or briefs challenging or defending the judgment on the merits, the appeal on that phase of the case must necessarily be affirmed or dismissed for want of prosecution, if, in fact, no appeal has been perfected from the order overruling the plea of privilege.

Authorities declare that it is not within the province of an appellate court to pass upon the merits of a cause of action on appeal from an interlocutory order, or to consider any matters which do not relate to the propriety of the order appealed from and this rule has been applied to orders overruling pleas of privilege. Lind v. Merchants' State Bank, Tex.Civ.App., 16 S.W. 2d 385; United Chemical Co. v. Leathers, Tex.Civ.App., 285 S.W. 918; Wolf v. Sahm, 55 Tex.Civ.App. 564, 120 S.W. 1114, 121 S.W. 561. So, if the order overruling defendant's plea of privilege is not before this Court, because of an insufficient appeal bond, as held by the majority opinion, then, surely the decision of this Court should dismiss the appeal without comment. Manifestly, the majority opinion is inconsistent with the record and without a supporting theory advanced by anyone connected with this appeal. It might be well said that the parties are supposed to know their rights and to be capable of conducting their case. To entertain and decide the issue here upon the merits is most manifestly the exercise of original jurisdiction and a departure

from the Constitution of appellate courts. I conceive it to be the sole province of an appellate court to adjudicate questions which are presented to the court in the manner provided by law. The points upon which this case is decided by the majority were neither presented, in briefs or otherwise, by appellant or appellee.

The question of venue alone, as I conceive it, is before this Court for adjudication, recognized by all parties to this appeal, and on that issue this appeal should stand or fall. This Court is not warranted to review a judgment where no assignments of error have been presented and no fundamental error suggested in the record, thereby depriving appellant of her right to be heard by briefs and argument. When a party has seen proper to waive assignments of error which it might have urged, I do not deem it the part of judicial duty to interpose ex officio an opinion. The parties to this litigation, having chosen not to present questions as to the judgment on the merits, contenting themselves to the order on the plea of privilege, I do not deem it our province to make assignments for them. They may have had the best of reason for not wishing to controvert the judgment on the merits.

The dominant purpose of our venue statute is to give a person who has been sued the right to defend such suit in the county of his residence, except under well defined exceptions. Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062; Coalson v. Holmes, 111 Tex. 502, 240 S.W. 896; Lasater v. Waits, 95 Tex. 553, 68 S.W. 500; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. Venue of suits for readjudicating custody of a minor because of change in conditions of a divorce decree as granted is not an exception, but venue is fixed by our Supreme Court in the county of the residence of the parent or custodian to whom custody has been awarded. Flannery v. Eblen, Tex.Civ.App., 106 S.W.2d 837, error dismissed; Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016; Wilson v. Wilson, 137 Tex. 528, 155 S.W.2d 601, 602.

In the case of Wilson v. Wilson, supra, a minor child was awarded to Mrs. Amanda Wilson the paternal grandmother of the minor, who resided in Kaufman County, Texas, in a divorce proceeding in a district court of Dallas County, Texas. The mother, because of a change in conditions of the divorce decree, instituted suit against the grandmother in Dallas County for readjudicating custody of the child. The trial court overruled the grandmother's plea of privilege and immediately awarded the custody of the minor to the mother. The appeal folowed on the final judgment on the merits with appropriate propositions and assignments on the action of the trial court in overruling the plea of privilege. Only one appeal bond was filed in that case. Our Supreme Court, opinion by Judge German, citing Lakey v. McCarroll, supra, said that: "The proper venue for an action involving the custody of a minor was the residence of the custodian of such minor. * * * It is therefore manifest that the court erred in dismissing the plea of privilege filed by Mrs. Amanda Wilson." This is the settled law of this state, and should be followed by all inferior courts.

Article 2008, Vernon's Ann.Civ.St., provided that either party may appeal from a judgment sustaining or overruling a plea of privilege and that, if the judgment is one sustaining the plea and an appeal is taken, such appeal shall suspend trial of the cause on the merits, pending final determination of such appeal; therefore, in effect, authorized a trial court, after overruling a plea of privilege, to proceed to trial on the merits and render judgment thereon. It will be seen that the statute made no provision of the mode, manner or time in which an appeal from an interlocutory order sustaining or overruling a plea of privilege may be perfected. This article has, in effect, been adopted and amended in the Texas Rules of Civil Procedure, Rule 385, which provides that "Appeals from *interlocutory orders* (when allowed by law) may be taken by (a) Filing an appeal or supersedeas bond within twenty days after rendition of the *order* appealed from, conditioned as required by the rules governing appeals generally; and (b) Filing the record in the appellate court within twenty days after rendition of the *order* appealed from. * * * (c) Where the appeal is from an *order* sustaining a plea of privilege, transfer of the venue and trial upon the merits shall be suspended pending the appeal." (Italics mine)

It will be observed that the rule above quoted merely supplies the mode, manner and time in which appeal from an order sustaining or overruling a plea of privilege may be perfected, all of which was lacking in Art. 2008, supra. Therefore the Rule 385, in effect, authorizes a trial court, after overruling a plea of privilege to proceed to

trial on the merits and render judgment thereon as in Art. 2008; and, then authorizes an appeal from the order overruling the plea of privilege, either as a separate appeal or by including it in the appeal from the judgment on the merits. It will also be observed that this rule (385) denominates the rulings of the trial court on overruling or sustaining pleas of privilege as an "interlocutory order"; whilst the court's actions on the merits of causes are called "judgments." Our Supreme Court has adopted the term "order" to decrees on all ancillary and interlocutory matters, and the term "judgment" to decrees on the merits. Rule 332, relative to appeal bond in probate matters, provides "The party desiring to appeal shall, within fifteen days after such *decision, order, judgment* or *decree* shall have been rendered, file with the county clerk a bond * * *." Rule 353 provides: "An appeal, when allowed by law, may be taken by notice of appeal (1) in open court, noted on the docket or embodied in the judgment, *order* overruling motion for new trial, *or other minute of the court,* or (2) filed with the clerk; such notice to be given or filed within ten days after the *judgment or order* overruling motion for new trial is rendered." (Italics mine) The citing of the above provisions of the rules promulgated by the Supreme Court are important only to show that the appeal bond in this case is from both the judgment *and* order, closely following the statute and the rules applicable to appeal bonds. It is held in other jurisdictions, and, I think, is equally true here, that an "order" of a court is distinguished from a final judgment. A judgment is a final determination of the suit, while an "order" is applied to ancillary and interlocutory decrees. People v. Logan, 1 Nev. 110; Rae v. Harteau, 7 Daly, N. Y., 95; In re Rose's Estate, 80 Cal. 166, 22 P. 86; Sobieski v. City of Chicago, 241 Ill.App. 180; Vol. 30, Words and Phrases, Perm.Ed., "Order," pp. 117, 118; Loring v. Illsley, 1 Cal. 24. In Loring v. Illsley, the California Supreme Court succinctly stated the distinctive features between an "order" and a "judgment"; it quoted in Words and Phrases, supra, that "The distinction between an order and a final judgment is that the former is a decision made during the progress of the cause, either prior or subsequent to final judgment, settling some point of practice or some question collateral to the main issue presented by the pleadings and necessary to be disposed of before such issue can be passed upon by the court, or necessary to be determined in carrying into execution the final judgment. The latter is the determination of the court upon the issues presented by the pleadings, which ascertains and fixes absolutely and finally the rights of the parties in the particular suit in relation to the subject-matter in litigation, and puts an end to the suit."

It will also be observed that Rule 354, Texas Rules of Civil Procedure, does not prescribe the contents of an appeal bond, nor did the statute, Art. 2265 (which was in force prior to the enactment of the rule) prescribe its contents, further than to provide that it shall be a bond approved by the clerk, payable to the appellee in a sum at least double the probable amount of the cost of the court below, the Court of Civil Appeals and the Supreme Court, to be fixed by the clerk, conditioned that such appellant shall prosecute his appeal with effect and shall pay all the costs which have accrued in the court below and which may accrue in the Court of Civil Appeals and Supreme Court. Obviously the appeal bond filed by appellant herein meets every requirement specified in the rule; and, further described the judgment by its number (2661), date (Jan. 17, 1942), style of the case (Lemon Howell Burton v. Mary Cecelia Burton Conlee), the court (District Court of Rockwall County, Texas), and the *judgment and order* from which appellant expressed a desire to perfect the appeal. The bond recites: " * * * a judgment was rendered overruling the Privilege of Mary Cecelia Burton Conlee, *and further* the * * * final judgment awarding custody of William Henry Burton to R. H. Burton, * * * from which final *judgment* and *order* the defendant Mary Cecelia Burton Conlee desires to perfect an appeal to the Court of Civil Appeals for the Fifth Judicial Supreme District of Texas, at Dallas, Texas." (Italics mine) A very casual glimpse at the bond clearly shows that appellant appealed from both the "interlocutory order" overruling her plea of privilege and the "judgment" awarding the custody of the child to R. H. Burton. The interpretation given to it by the majority opinion, that an appeal was only perfected from the final judgment and not from the order overruling defendant's plea of privilege, is untenable, contrary to all the authorities of this state that I have been able to find. Hodde

v. Susan, 63 Tex. 307; In re Estate of O'Hara, 60 Tex. 179; Hollis v. Border, 10 Tex. 277; Smith v. Cheatham, 12 Tex. 37; Herndon v. Bremond, 17 Tex. 432; Horton v. Bodine, 19 Tex. 280; Jenkins v. McNeese, 34 Tex. 189; Howard v. Malsch, 52 Tex. 60; International & G. N. R. Co. v. Smith, 58 Tex. 74; Morgan v. Richardson, Tex.Civ.App., 25 S.W. 171; Texas & P. R. Co. v. Fields, Tex.Civ.App., 63 S.W. 653; Frerie v. Cloudt, Tex.Civ.App., 67 S.W. 890; Murphy v. Williams, 103 Tex. 155, 124 S.W. 900; McCamey v. First Nat. Bank, Tex.Civ.App., 75 S.W.2d 910, 911; Pillow v. McLean, 126 Tex. 349, 88 S.W.2d 702; Monk v. Danna, Tex.Civ.App., 110 S.W.2d 84; Neely v. Tarrant County, 132 Tex. 357, 124 S.W.2d 101; Keys v. Alamo City Baseball Co., Tex.Civ.App., 142 S.W.2d 694.

In the case of Murphy v. Williams, supra, the appeal bond misdescribed the judgment in giving its date as April 4 when its true date as shown by the record was April 1, 1908. Our Supreme Court held in that case that the misdescribed judgment was a mere irregularity, waived by failure to move to dismiss the appeal. The Court said: "All such objections to irregularities in the proceedings which do not render them void and entirely defeat the jurisdiction of the appellate court are waived by the failure to move to dismiss the appeal, or writ of error, in the Court of Civil Appeals. (Citing authorities.) It may be further said that the objection, if made in time, would not have been good. The petition and bond gave the style and number of the case, the parties to it, and set out the jurisdiction in haec verba, leaving no question that the one intended is that found in the record."

In Pillow v. McLean, supra, the appeal bond correctly stated the number of the case, the names of the parties, the court in which same was tried, the date of judgment and a brief mention of the judgment. The bond was approved by the clerk of the trial court and the record timely filed in the Court of Civil Appeals. No objection to the bond was urged by the appeal in the Court of Civil Appeals, but that Court upon its own motion dismissed the appeal on the ground that no appeal bond was filed for a part of the judgment involving a cross action. 86 S.W.2d 646. Judge Hickman, for our Supreme Court, said [126 Tex. 349, 88 S.W.2d 703]: "The main purpose of a bond on appeal is to afford security for the adverse party. There is no requirement that an appeal bond describe the judgment

in detail. If that judgment is sufficiently identified as the one appealed from, and the other requirements of the statute are met, the purpose of the bond has been fully served." (Citing authorities.)

In Neely v. Tarrant County, supra, an alleged defective bond was involved, Judge Smedley, speaking for the Supreme Court, said [132 Tex. 357, 124 S.W.2d 105]: "While there is no express requirement that the bond describe, or make reference to, the judgment, it is held that it should describe the judgment sufficiently to identify it. (Citing authorities.) * * * But to accomplish an appeal from a distinct and severable portion of a judgment it must clearly appear from the face of the bond that the appeal *is so limited. Otherwise the appeal carries up the entire case.*" (Citing authorities) (Italics mine)

In the case at bar, the appeal bond shows on its face that the appeal is from the final *judgment and order* on the two mentioned appealable cases without limitations. Why would appellant have mentioned the order overruling the plea of privilege if she did not wish to appeal therefrom? The bond accurately described (1) the interlocutory order overruling the plea of privilege, *"and further"* (2) the judgment on the merits and the costs; then it proceeds,—"from which final *judgment and order"* the defendant appeals. In my judgment, the majority opinion that no appeal is perfected from the order cannot be sustained by authority or reason.

Furthermore, assuming for argument that the bond is defective both in substance and in form, which, indeed, I think would do violence to the language employed, the appellee made no motion to dismiss the appeal. Article 1840, R.C.S. of 1925 (as also Art. 1840—A Vernon's Ann.Tex.Statutes, Chap. 187, Acts Reg. Session, 42nd Leg., in somewhat broader terms, adopted as Rule 430. The Texas Rules of Civil Procedure, provides that when there is a defect of substance or form in an appeal bond, the appellate court may allow same to be amended. In view of this statute, it is held by our Supreme Court in numerous decisions that defects either of substance or form in an appeal bond are not jurisdictional and are waived by failure to present objections to the bond by motion within thirty days after the transcript is filed. Williams v. Wiley, 96 Tex. 148, 71 S.W. 12; Pillow v. McLean, 126 Tex. 349, 88 S.W.2d 702; Roberts v. Stoneham, Tex.Civ.App., 31 S.W.2d 856;

Neely v. Tarrant County, 132 Tex. 357, 124 S.W.2d 101; Keys v. Alamo City Baseball Co., Tex.Civ.App., 142 S.W.2d 694.

It is not shown from the record in this case, or otherwise, that appellee ever filed a motion presenting objections to the appeal bond within thirty days after the filing of transcript in this Court, and, in fact, we know none has ever been filed. The bond shows at least an attempt to comply with the statute in order that this Court might review the action of the trial court on the final judgment and the final order. In such a case, Judge Hickman, in Pillow v. McLean, supra, said: "In construing that article (Art. 1840 R.S.1925), this court, speaking through Justice Williams, in Williams v. Wiley, 96 Tex. 148, 71 S.W. 12, 14, used this language: 'The bond shows on its face that it was filed as an attempt to comply with the statute in order to prosecute the writ of error, complies in most respects with the statute, and must be held sufficient, under the liberal provision quoted, to give jurisdiction to the court, and to entitle plaintiffs in error to file a new one. It may, indeed, be seriously doubted whether or not, with such a statute in force, it should longer be held that the jurisdiction of an appellate court at all depends on the giving of a bond'." Such is the holding of all adjudicated cases in this state.

The new Texas Rules of Civil Procedure, Rule 430 et seq., have not overturned the law that a defective appeal bond in substance or form extends jurisdiction to the appellate court and is sufficient to entitle appellant to a right of review. It may be true that under Rule 363, the giving of an appeal bond is necessary to extend jurisdiction to the appellate court, but certainly a defective bond is amendable. This, however, we have not been called upon to decide. The timely giving of the notice of appeal and the filing of a bond as required by the rules gave extended jurisdiction to this Court, hence the appeal should be given the consideration intended by all parties to the litigation, in advance of a hearing on the merits. The venue of this case being in Jack County, Texas, the trial court erred in overruling appellant's plea of privilege. Therefore, the merits of the case were not rightfully before the court below for determination; and for the same reason the merits are not properly before this court for decision. The trial court had no jurisdiction to decide the case upon its merits, hence this court has none. The matter is jurisdictional. Slaughter Co. v. Slaughter, Tex.Civ.App.,

288 S.W. 1107; Cornell v. Cramer, Tex.Civ. App., 72 S.W.2d 397; O'Brien v. Smith, Tex.Civ.App., 80 S.W.2d 459; Goolsby et al. v. Bond, Chief Justice, et al., 138 Tex. 485, 163 S.W.2d 830.

On the merits, I wish only to say that the appellant may be a scarlet woman, but where are her accusers, and why is she not entitled to be heard and have her day in court and the issues on the merits of the lawsuit be tried in the county of her residence, as held in the Goolsby case, supra? I am not ready to characterize appellant as an unfit person to rear her infant son without evidence to support the issue, and without the jurisdiction to decide the issue. She is the child's mother; and, as stated by Judge Young, for this Court, in Wilson v. Underhill, Tex.Civ.App., 131 S.W.2d 1923, same case Wilson v. Wilson, Tex.Com.App., 155 S.W.2d 601, "The matter here involved is of deep concern to the parties at interest; equally so to us, relating as it does to a child's best interest and well-being. The testimony in support of the claim on either side in the judicial scales is nearly equal, but the relationship of mother and daughter is sufficient to preponderate the balance in the mother's favor."

So, in the case at bar, it is safe to say that we may depend upon the trial judge of Jack County, Texas, the county of the defendant's residence, in a fair and impartial trial, weigh well the evidence in this case, then and there determine the issues in the light of the best welfare of the child; but whether that be true or not, the law is that the venue is in that county and our duty is plain—I gladly follow it. The judgment and order should be reversed, the plea of privilege sustained, the appeal on the merits dismissed for want of jurisdiction and the case ordered transferred to the District Court of Jack County, Texas.

I dissent from the majority.

### On Rehearing.

**YOUNG, Justice.**

■ Reviewing once more this record, in the light of the adjudicated cases cited in the opinions filed herein, I have reached the conclusion that appellant has, in good faith, attempted to appeal from the interlocutory order of the trial court, overruling her plea of privilege, together with the final judgment on the merits; and, while there may be some ambiguity in the bond, yet, giving to it the liberal construction accorded to such instruments, Stroud v.

Ward, Tex.Civ.App., 36 S.W.2d 590, I am constrained to hold, as in the dissenting opinion that the bond is sufficiently clear to effectuate appeal of both the order overruling the plea of privilege and the judgment on the merits; and, under the authorities of Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016; Wilson v. Wilson, 137 Tex. 528, 155 S.W.2d 601, venue on the merits is in Jack County, Texas.

■ Furthermore, it seems to be well settled that when there are defects of substance or form in an appeal bond, such defects are not jurisdictional and are waived by failure to present objections to the bond by motion within thirty days after the transcript is filed. Williams v. Wiley, 96 Tex. 148, 71 S.W. 12; Pillow v. McLean, 126 Tex. 349, 88 S.W.2d 702; Roberts v. Stoneham, Tex.Civ.App., 31 S.W.2d 856; Neely v. Tarrant County, 132 Tex. 357, 124 S.W.2d 101; Keys v. Alamo City Baseball Co., Tex.Civ.App., 142 S.W.2d 694; 17 Tex. Law Review, Vol. 4, p. 482; Vernon's Texas Rules Civil Procedure 404, 430. In this case, no motion having been filed challenging the substance or form of the bond, and the bond on its face (supported by the records and briefs of the parties) showing conclusively that appellant has attempted to perfect appeal in the two separate appealable orders, we must hold that the bond is sufficient for the purpose of effecting the appeal in both the venue order and the final judgment.

Therefore, we think the trial court erred in overruling the plea of privilege; the judgment of the court below should be reversed, the plea of privilege sustained, the appeal on the merits dismissed for want of jurisdiction, and the case ordered transferred to the District Court of Jack County, Texas. Accordingly, appellant's motion for rehearing is sustained; the judgment affirming the action of the trial court heretofore entered is set aside, and judgment here rendered in accordance with the conclusion above expressed. The writer makes no comment on the merits of the case, realizing that such is the exclusive province of the court having venue thereof.

LOONEY, J., dissents and adheres to original opinion.

LOONEY, Justice (dissenting on rehearing).

This is a child custody case. On original submission, a majority of the Court—Mr. BOND, Chief Justice, dissenting—held that, as plaintiff failed to perfect an appeal from the judgment below overruling her plea of privilege, that question was not before the Court for adjudication, therefore, after considering the facts established below, affirmed the judgment awarding custody of the child to R. H. Burton, the appellee. After considering appellant's motion for rehearing, Mr. YOUNG, Associate Justice, receded from his original opinion and concurred in the view expressed by Mr. BOND, Chief Justice, in his dissenting opinion, to the effect that, appellant had properly perfected an appeal from the judgment overruling her plea of privilege; therefore, the majority sustained appellant's motion for rehearing, set aside the former judgment of this Court, reversed the judgment below, sustained appellant's plea of privilege and changed the venue of the cause, for trial on its merits, to the District Court of Jack County, where appellant resides.

Believing that the first decision rendered by the majority was correct, I dissent from the final decision of the majority, and, as the opinion filed by Mr. YOUNG, Associate Justice, for the majority, fails to state the origin, nature, or history of the cause, I shall attempt to do so without which, in my opinion, neither the majority holding nor my dissent can properly be understood.

Origin, Nature and History of the Case.

On December 12, 1938, Lemon H. Burton and Mary Cecelia Burton were divorced by a decree of the District Court of Rockwall County, and the custody of their only child, a son, William Henry Burton, now about eight years of age, was awarded part time to each parent. After the divorce, Mary Cecelia married Dudley (or Dick) Conlee, and for some time prior to December 20, 1941, resided with her second husband at the town of Bryson, Jack County, Texas; and it was there she kept the child during the periods she was entitled, under the orders of court, to have his custody. On December 20, 1941, Lemon H. Burton, the father, was at Bryson, presumably to take charge of his son as authorized by the divorce decree, when he was shot and killed by Conlee, the wife's second husband. On December 24, 1941, Robert H. Burton, appellee herein, a brother of the deceased,

filed an original action alleging in short the precedent facts, including the recent slaying of the boy's father by the present husband of the mother, contending that, if she is permitted to retain custody of the boy, he would be compelled to reside in the home with, and under the domination and control of, the man Conlee who just recently slew the boy's father, which would prove highly detrimental to the best interest of the child, of such fundamental and radical nature as to require that his custody be taken from the mother and permanently given to appellee, who was not only willing and anxious to have custody of the child, but was able to furnish him a good home, wholesome environment, and educational advantages, etc. The court entered an order setting the hearing thereon for the 17th day of January, 1942, and placed the boy, pending the hearing, in the custody of his uncle, appellee herein.

On January 14, 1942, the appellant, Mrs. Conlee, who resides at the town of Bryson, Jack County, Texas, filed a plea of privilege to be sued in the county of her residence, which was duly contested by appellee. The plea and contest were heard on January 17, 1942, resulting in judgment for appellee, sustaining the contest and overruling appellant's plea; to which, she excepted and gave notice of appeal. Thereupon, on January 17, 1942, appellant filed her answer to appellee's petition, the parties announced ready, and, after hearing evidence, the court sustained the contention of appellee, awarded him the care and custody of the minor, William Henry Burton, however, ordered that the mother, Mary Cecelia Conlee, be privileged to see him at all convenient times, but that, the boy should not be taken or removed by her from Rockwall County; to which, appellant excepted and gave notice of appeal.

As will be observed from the statement given, two distinct trials were had, two pleadings filed by appellant: First, a plea of privilege filed January 14, 1942, which, being contested, was tried on January 17th and overruled; appellant excepted and gave notice of appeal; thereupon, she filed her answer to the merits, and, on trial of the case, final judgment was rendered, awarding custody of the minor to the appellee; to which, appellant excepted and gave notice of appeal. Notwithstanding two trials, as distinct and separate as if occurring at different terms of court, and, obviously, at appellant's own behest, as she failed to file

an answer to the merits until after the venue question was settled, only one appeal bond was filed, which, according to its recitals, obviously pertained to and perfected appeal from the final judgment. This, I submit, is apparent from its language, as follows: "Whereas, in the above numbered and entitled cause pending in the District Court of Rockwall County, Texas, on the 17th day of January, 1942, a judgment was rendered overruling the Privilege of Mary Cecelia Burton Conlee, and further the court rendered final judgment awarding the custody of William Henry Burton to R. H. Burton, and judgment for cost, from which final judgment and order the defendant Mary Cecelia Burton Conlee desires to perfect an appeal to the Court of Civil Appeals for the Fifth Judicial Supreme District of Texas, at Dallas, Texas:" etc.

Separate trials mean separate appeals. This, I submit, is contemplated by the new Rules that prescribe separate procedure, as follows: Appeals from final judgments are perfected by filing with the clerk below a bond within thirty days after the date of the judgment or order overruling motion for a new trial, Rule 356, and by filing the transcript and statement of facts in the Court of Civil Appeals within sixty days from the final judgment or order overruling the motion for new trial, etc. Rule 386. Whereas, appeals from interlocutory judgment (including orders overruling or sustaining pleas of privilege) are perfected by filing bond with the clerk below and the record in the Appellate Court within twenty days after the rendition of the judgment appealed from. Rule 385. In Newlin v. Smith, 136 Tex. 260, 150 S.W.2d 233, decided before the new Rules were adopted, the Supreme Court held that a defendant is entitled to have the venue issue determined before he is compelled to try the case upon its merits, and that it is reversible error to refuse request of a defendant for separate trials. Also, see Saladiner v. Polanco, by the Austin Court of Civil Appeals, 160 S.W.2d 531.

However, if it could correctly be said that one bond, properly conditioned and filed within time, may serve the purpose of perfecting both appeals where, as in the instant case, the interlocutory and final judgments were rendered at the same term of court, I submit that the language of the bond itself should be sufficient to accomplish such purpose. The bond in the instant case, as shown by the language quoted, fails in that respect, as it specifically states that appel-

lant desired to perfect an appeal from the "final judgment and order." Appellant insists, however, that the language "from which final judgment and order the defendant, etc., desires to appeal," was a sufficient reference to each to perfect both appeals; contending that the word "order," in the connection used, referred to the interlocutory judgment. It may be true that, in legal parlance, interlocutory actions of court are referred to interchangeably as "judgment" or "order," but, in the instant case, appellant referred to the interlocutory act of the court as a "judgment," and then followed with the language that she desired to appeal from the final judgment and order. The adjective "final" being descriptive of both judgment and order, I do not think it can be said that "order," in the connection used, referred to the interlocutory action of court; it would have been a misdescription; hence a different application and meaning must be given it. As the final judgment awarding custody of the minor to appellee also contained a subsidiary order, giving appellant the right to see the boy at convenient times, conditioned that he should not be taken from Rockwall County, I think it more reasonable to say that, the adjective "final" is descriptive of the judgment awarding custody and the subsidiary order giving appellant the right to see the minor under the conditions and restriction named.

Therefore, I adhere to the views originally expressed, believing that appellant failed to perfect an appeal from the action of the court overruling her plea of privilege, and that the only matter presented to the Court for consideration was the question, whether or not the court erred in awarding to appellee the custody of the minor; hence, I do not think the venue question was before the court for consideration, but that the final judgment below, on the merits, was correct and should have been affirmed.