## LACY v. LACY.

### No. 12367.

Court of Civil Appeals of Texas. Dallas.
Nov. 26, 1938.

Rehearing Denied Dec. 23, 1938.

Z. E. Coombes, of Dallas, for appellant.
Geo. T. Burgess, of Dallas, for appellee.

BOND, Chief Justice.

Ernestine Lacy, as plaintiff, on November 21, 1935, instituted suit in the 68th District Court of Dallas County against her husband, Lester E. Lacy, as defendant, for divorce, adjustments and division of property rights, and the custody, care, and control of their minor child, a boy about $3\frac{1}{2}$ years of age. The issues involved in the suit were properly joined by pleadings and proof and, on February 8, 1936, judgment was entered granting to plaintiff a divorce, a division of the property, and made disposition regarding the custody, care, and support of the minor child, stipulating equal alternate periods of time for the custody of the child between the parents.

Prior to and at the time the judgment was entered, the defendant was a resident citizen of Runnels County, Texas, and, on April 14, 1936, had, in accordance with the orders of said court, the child's custody. While the child was in the custody of the defendant, the plaintiff went to Runnels County, got possession of the child and, on April 22, 1936, filed a motion in the 68th District Court of Dallas County to alter, change, and amend the judgment of said court, relating to the custody of the child; and, on May 25, 1936, after notice had been

given to the defendant, on hearing of the motion, the court materially altered and changed its judgment awarding the custody of the child to the plaintiff, with privilege granted to the defendant only to have the child visit him at certain stated periods of time during the year.

This appeal presents assignments on the action of the court in overruling and not sustaining appellant's plea of privilege as against the motion of the plaintiff to amend the judgment of the court; and, in sustaining and not overruling defendant's demurrer and controverting affidavit to the plea, thus effectively retaining venue of the motion in Dallas County. We think the plea of privilege was not available to the defendant, and, certainly, came too late to be effective as against demurrers and controverting special pleas.

■ The venue of divorce suits is fixed by statute in the county where plaintiff resides. R.S. art. 1995, sec. 16; art. 4631, Vernon's Ann.Civ.St. art. 1995, subd. 16; art. 4631. This being a divorce suit, lawfully maintainable in Dallas County against the defendant, all marital rights between the husband and wife, the division of their property, and the care, custody, and control of their child or children are determinable therein. The venue of divorce actions and the jurisdiction of the court being definitely fixed by statute, article 4639a, Vernon's Ann.Civ.St., confers venue and jurisdiction on the divorce court to "inquire into the surroundings and circumstances of each such child or children * * * and such Court shall make such orders regarding *the custody* and support of each such child or children as is for the best interest of same; * * * and such Court shall have full power and authority to enforce said judgments by Civil Contempt proceedings * * *. *Said Court shall have power and authority to alter or change such judgments, or suspend the same, as the facts and circumstances and justice may require, upon notice to such parent as above provided for, or with his or her consent."* (Italics ours.)

■■ In the instant case, the trial court followed the plain language of the statute: On granting the divorce, the court made an order regarding the custody and support of the child, and, on subsequent hearing, after notice to the parent, altered and changed the order of custody, as in its judgment the facts and circumstances and justice required. Therefore, the venue

of the divorce suit having been established and the divorce court having pronounced in its decree a disposition of the minor child, an incidental issue to the divorce suit, a formal plea of privilege tenders no issue of fact on the motion to amend. The divorce court alone has jurisdiction and venue to change or alter, or amend its judgment affecting the custody of the minor child, limited only to the time when the child reaches the age of sixteen years; and, when once the court has pronounced its decree, the rights of action, the remedies prescribed and the authority expressly given by article 4639a, supra, we believe, were intended to be and must be held to be, exclusive in the divorce court. The court's authority in this respect is by reason of continued jurisdiction over the subject matter granted by the act of the legislature. Indeed, the legislature may not deprive a court of powers derived from the Constitution which created the court, but in the absence of constitutional limitations, the legislature has the authority to extend or limit the procedure by which the courts may exercise its powers. This, the legislature has effectively done.

■ Furthermore, the record shows that plaintiff's motion to alter, amend, and change the original judgment was filed on April 22, 1936, notice duly served on the defendant and hearing thereon set for May 9, 1936. On the day for the hearing, the defendant appeared, sought and secured of the court a continuance or postponement of the cause, until May 25, 1936. On May 14, 1936, defendant filed his statutory plea of privilege to be sued in Runnels County, the county of his residence. Thus, we think, whatever rights the defendant may have had, if any, were waived by the delay in filing the plea of privilege and invoking affirmative action of the court inconsistent therewith.

■ The rights given by the venue statutes are personal privileges, which may be waived by the party or parties to whom the privileges are accorded. Ordinarily, a plea of privilege is waived by consenting to a continuance or postponement before the plea is filed, or without the plea being called to the court's attention. Thus, we think, the defendant in the absence of showing to the contrary, impliedly waived his privilege of being sued in the county of his residence. This is true, aside from the statute above mentioned, expressly conferring jurisdiction and venue on the court grant-

ing the divorce, to settle the marital rights and the custody and support of the child or children between the parties.

The judgment of the court below is affirmed.

### On Motion for Rehearing.

Appellant challenges our holding that the divorce court, on adjournment of the term at which the divorce was granted, had continuous jurisdiction to thereafter change or alter its order in regard to the custody of the minor child. Indeed, a motion to change the custody order takes the form of a new and independent cause of action, based on facts and circumstances subsequently occurring and necessitates service for a period of ten days on the parent. The original judgment decreeing the divorce is final, and the order of custody and support of the minor is final in form, but, in fact, conditional and temporary. The divorce court has a continuous jurisdiction to change or alter its order of custody and support, when new and independent facts and circumstances and justice require such change or alteration. In such matters, the interest of the child is affected, the relative fitness of the parents, the ever changing of age and environs of the minor, become a proper subject of inquiry and justifies the court to hold the matter of custody and control open until the child reaches the age of sixteen (16) years.

In the case of Goldsmith et al. v. Salkey, 112 S.W.2d 165, 116 A.L.R. 1293, the Supreme Court said [page 168]: "A subsequent material change of conditions brings into being a new and independent cause of action. The original custody judgment may be absolute and final in form. In reality, it is temporary and conditional. Whether expressed or not, the law writes into each of such judgments, in substance, that its finality ends when and if conditions affecting the welfare of the child have materially changed. So that it may be said that a petition alleging such facts is in no sense an attack upon such former judgment, but is an independent suit, having to do with a present status, and challenging the jurisdiction of a proper court to declare such status upon the basis of the then welfare of the child." In the instant case, the district court of Dallas County in granting the divorce and making custody and support orders, agreeable to the facts and circumstances as then determined, retained its right and power to change and alter the order of custody and support upon the happening of new and independent causes, as affects the welfare of the child. Such a proceeding is not bound to technical rules that have to do with property rights. There exists a basis for holding that the jurisdiction of the divorce court is continuous to alter and change the custody and support order to meet the ends of justice and the welfare of such minor.

The title of the statute (art. 4639a), quoted in our original opinion (Acts 1935, 44th Leg. p. 111, ch. 39), expressly states that the divorce court shall "inquire into the status" of the child or children, and "make orders and decrees for their support and maintenance until they reach sixteen (16) years of age", and "to have control of such decrees, to alter them when justice requires"; and it further provides "for the filing of sworn monthly reports with the Clerk of the Court for approval by the Judge". Following the title, it will be seen that the statute provides the divorce court shall "inquire into the surroundings and circumstances of each such child or children"; and "shall make such orders regarding the custody and support of each such child or children, as is for the best interest of same"; and "to alter or change such judgments, or suspend the same, as the facts and circumstances and justice may require, upon notice to such parent", and further, that the party or parties to whom the custody and support of the minor is entrusted are required to make monthly reports to the court "before which the cause is pending", in regard to the expenditures of the money directed to be paid (italics ours). It is evident, we think, that the Legislature used, interchangeably, the words "order", "decree", and "judgment", in the enactment, thus authorizing the divorce court to retain jurisdiction and venue to change or alter its decree of custody and support of the minor child, if and when facts and circumstances and justice demands, on proper notice being served upon the parent. In keeping with the statute, notice was served on the appellant, he appeared, sought and secured of the court a continuance or postponement of the motion for purposes of his own, thus effectively submitting himself to the venue of the court.

Motion overruled.