**WILSON et al. v. UNDERHILL et al.**

No. 12839.

Court of Civil Appeals of Texas. Dallas.

June 10, 1939.

Rehearing Denied July 22, 1939.

20

Bond & Porter and Fred V. Meredith, all of Terrell, for appellants.

Robertson, Leachman, Payne, Gardere & Lancaster and Joe W. Riley, all of Dallas, for appellees.

YOUNG, Justice.

This appeal followed a final order of the trial court, changing the custody of the minor child, Mary Anita Wilson, from that as fixed in a prior divorce judgment of April 21, 1937, rendered by a district court of Dallas County in cause styled Mozelle Wilson v. H. J. Wilson. After the trial, in the instant proceedings, appellants filed request for findings of fact and of law, from which findings we make the following statement of the case:

That Mozelle Noble and H. J. Wilson became husband and wife in 1929, and Mary Anita, a girl, was born of the marriage in 1930, at Dallas, Texas. The father not being able to secure and retain employment with regularity, the child was placed with Mrs. Amanda Wilson, its paternal grandmother, at Terrell, Kaufman County, for varying periods of time since its infancy, and with whom it now lives; that long prior to the divorce, Mozelle Wilson was compelled to seek employment because of insufficient support, the separation of the parties beginning in January, 1936, a divorce suit being later filed, in which she prayed for final separation, and custody of said minor child. The divorce was granted in April, 1937, and, by agreement, the custody of the minor was awarded to Mrs. Amanda Wilson, appellant, said grandmother not being a party to the divorce action, nor intervening therein for said custody; that, for self-support, Mozelle Wilson had secured work involving almost continuous travel until September, 1937, when she married M. D. Underhill, with residence in Lexington, Ky.; that at the time of her divorce from H. J. Wilson, her father and mother were dead, having no property, or income save a salary, also no home for the child, by reason of her traveling job, she had agreed for Mary Anita to go to its paternal grandmother, above named, at Terrell, where it had remained since the divorce decree; the mother, however, sending money and gifts to her child from time to time. Also, that Mozelle Wilson, after she became employed, had insufficient funds with which to maintain a home for said daughter, or pay someone to look after her; that appellant H. J. Wilson, the father, had remarried in March, 1938, and now resides

with the family of his second wife on a farm in Dallas County, he having no property or income; that Mrs. Amanda Wilson, the other appellant, is sixty-three years of age, a widow, whose husband E. W. Wilson died in 1921, leaving to his heirs as property, only farm implements sufficient to cultivate a 200-acre farm, and life insurance of $2,000; that said Mrs. Amanda Wilson owns no property, save clothing and personal effects, and now lives, and has lived for several years, with her two unmarried daughters who are employed; both Mrs. Wilson and said minor child being wholly dependent on said two daughters for support, the latter, however, being young ladies of excellent character and entirely willing to make and continue the necessary contributions; that Mrs. Wilson, appellant, is in all respects a fit person to raise the child, her home, though rented, being a good one, the minor having proper school facilities, with moral, religious and educational training, both at home and in her daily associations; that the relationship between the two is that of mother and daughter, appellant desiring to continue as its custodian; and that Charlie Wilson, son of Mrs. Wilson, appellant, with an income of about $200 per month, has authorized his parent to draw on him for funds, if necessary, expressing a willingness to aid in the support of the minor, but who has, in fact, made only occasional contributions to the support of his mother, Mrs. Amanda Wilson. Findings further were that appellee, Mrs. Mozelle Underhill, is twenty-five years of age, her present husband is thirty-four, and employed with the American Fidelity & Casualty Company for the State of Kentucky, at approximately $250 per month; owning certain real and personal property, a bank balance, and substantial life and accident insurance, in which his wife, appellee, is main beneficiary; both appellees being of frugal habits and presently saving money, living in a good residential section of Lexington, with adequate school facilities for the minor; both being fit persons to give the child proper moral and educational training; that the minor and its mother love each other, Mrs. Underhill being precluded from giving birth to children in the future; that appellees are further mutually desirous of obtaining custody of said minor, and since her second marriage, Mrs. Underhill has, for the first time, been able to offer her child a good home, education and support, at Lexington, Ky., where she will continue to properly rear said child.

The trial court's conclusion of law was, that the district court of Dallas County had continuing and exclusive jurisdiction over the minor child, Mary Anita Wilson, until she arrived at sixteen years of age, with consequent jurisdiction to hear and determine the application of appellees for change of custody to them; and that the best interest of. said minor would be subserved by awarding the custody to its mother; the judgment directing a delivery to the Underhills of the minor in June, 1939, but, beginning with 1940, that appellant, Mrs. Wilson, should have the custody during the months of July and August until said minor reached the age of sixteen years.

Before a trial to the merits of the application to change the terms of the divorce judgment as to custody, appellant Mrs. Amanda Wilson filed timely plea of privilege to be sued in the county of her residence—Kaufman County—to which the Underhills, movants, filed a motion to dismiss, and controverting affidavit, generally, on the ground that the original divorce action between the parents of said child, wherein its custody was awarded to its paternal grandmother, being filed and judgment rendered in a district court of Dallas County, said Court had exclusive and continuing jurisdiction, under article 4639a, Vernon's Ann.Civ.St., in all matters relating to custody and support until said child became sixteen years of age, to the exclusion of all other courts. Appellants' assignments and propositions are first directed to alleged errors committed in dismissing and overruling said plea of privilege; the remaining propositions complaining of error. in (1) making a change of custody which would take said child to the State of Kentucky, thus depriving the Texas courts of all future jurisdiction and control; (2) failure of pleading or proof to show that Mrs. Wilson, the present custodian, was not a proper person, or that there had been any change in conditions since the divorce decree to justify the new award; (3) error in amending the original judgment as to custody, where the child is shown to be already receiving the very best of training and care in its present environment; and where it is not shown that a change of custody would result in greater advantages in care and training, even though the new custodian be the child's mother, she having

theretofore displayed a seeming disregard and neglect for her child; (4) no showing that the interest of said minor would be bettered by removing it from the proper care and attention the child has enjoyed since infancy, to new conditions in another state; (5) ratification by Mrs. Underhill of the original custody, and estoppel to assert claim for custody, by words and conduct.

Appellants' propositions just enumerated (except those relating to dismissal of plea of privilege) will be considered together and, from the record, must be overruled under the very broad discretion vested in the district court in the matter of fixing or changing the custody of minor children upon granting of divorce, or afterwards. In proceedings of this character, allegations raising issues of new circumstances and conditions must, of course, be plead, the burden of proof being upon movant. However, the statement is made in Williams v. Perry, Tex.Com.App., 58 S.W.2d 31, 33, that in such cases "pleading is of little importance and the judge exercising the jurisdiction of a chancellor has broad equitable powers. In other words, the rule is that the powers of the judge are liberally construed. Tunnell v. Reeves, Tex.Com.App., 35 S.W. 2d 707, 710. As said by Judge Sharp speaking for this section of the commission in the Tunnell Case, supra, 'in our judgment it is more a matter of evidence than a matter of pleading.' Under this rule, the district judge is not bound by any technical rules of pleading, but has a right to hear the full facts and act in the light thereof." We conclude that the findings of the trial court, and its decision altering the former award, have support in evidence of a substantial nature, which forbids interference therewith by the Appellate Court. Moore v. Moore, Tex.Civ.App., 213 S.W. 949. ·

 Appellant, Mrs. Amanda Wilson, in her first proposition argues with earnestness and logic that in a suit to determine the custody of a minor child, the defendant custodian has a right to be sued in the county of her residence, and cannot be required to litigate her rights in the county and court of the original decree awarding custody; wherefore, her timely plea of privilege should have been sustained; in other words, that the exclusive and continuing jurisdiction of the original divorce court related to child support and not to custody, under appellants' construction of article 4639a. The same question of law has been recently before this court in Lacy v. Lacy, Tex.Civ.App., 122 S.W.2d 1104, our holding being, in substance, that the court which had entered the original judgment in divorce at a prior term retained jurisdiction, upon motion, after notice, to alter the provisions of the judgment relating to custody of the parties' child, notwithstanding defendant's plea of privilege to be sued in the county of his residence. We are bound to follow our prior decision, unless its incorrectness is apparent, or until a contrary view is taken of the statute by our Supreme Court. We adhere to the Lacy case and the reasoning therein advanced by Chief Justice Bond in construing the statute, but should consider briefly appellants' additional argument and authorities on the subject.

 Prior to the enactment of the article in question (article 4639a), the statutes governing venue, generally, applied to subsequent actions, whereby a change was sought in the original divorce decree involving care and custody of children on account of new facts and conditions, Black v. Black, Tex.Civ.App., 2 S.W.2d 331; nor could the courts provide for support of minor children after divorce, except in limited cases, such as trusts imposed on existing property, Bemus v. Bemus, 63 Tex. Civ.App. 148, 133 S.W. 503. Various appellate opinions had suggested a necessity for legislation in these particulars, which could best be accomplished by making the jurisdiction of the original court an exclusive and continuing one, whereby such court would be empowered to revise its orders from time to time as the circumstances of the children and parties might require. In Ex Parte Garcia, Tex.Civ.App., 187 S.W. 410, 413, the court said: "The question in this case is one of great importance, and it would, perhaps, be better to vest the exclusive jurisdiction, with respect to custody of minors, in the court which decrees the divorce; but we believe that the Legislature has not so decreed, and we therefore hold that the trial court had jurisdiction to enter the judgment appealed from."

We think a close perusal of this act, keeping in view the old law, the evil, and the remedy, discloses that it effectually empowers the initial court to retain jurisdiction over the minors involved until sixteen years of age, both as to custody and support. In other words, the statute re-invests the district court with the continuing jur-

isdiction of the early Courts of Chancery as to children, making them wards of the divorce court during the statutory period. Bishop on Divorce, Vol. 2, 4th Ed., Sec. 526. Only from such a construction can the fullest benefits to the class affected be secured. The recitals, taken generally from the Article, that: "* * * in the event a divorce is granted by the court, if there be such minor children, * * * such court shall make such orders regarding the custody and support of each such child or children, as is for the best interest of same * * *", with power and authority to alter or change such judgment or suspend the same, in no sense limits the retention of jurisdiction to "support" alone. Section 1a of the act (article 4639a) also clearly implies that the custodian of the child or children is the one to whom the payments for support are made; and appellants concede that the initial court has exclusive jurisdiction as to future payments during the particular years. But, if appellants' argument be correct, and the court of the custodian's residence has venue of future changes of custody, then such other court would face the anomalous situation of being wholly unauthorized to change the original judgment as to whom support money should be paid, or to compel the payments to the new custodian. The limited construction as placed upon the act by counsel could easily lead to judicial confusion and conflict, and hinder its maximum beneficial operation. Assuming even that the statute is not clear, the presumption should be that the Legislature intended the most reasonable and just interpretation to be placed upon it; if same admits of two constructions, the more reasonable of the two should be adopted and the enactment should never be so construed as to work injustice or hardship, or render it impracticable of enforcement. Lacy v. State Banking Board, 118 Tex. 91, 11 S.W.2d 496, 505; 39 T. J., Statutes, Sec. 117, p. 221; Oliver v. State, 65 Tex.Cr.R. 150, 144 S.W. 604. Thus, we think custody is properly incident to support, or vice versa—one a necessary complement to the other—and together comprise the new authority with which the Legislature has implemented the original court. Appellants further contend that the enactment of article 4639a is violative of sec. 35, art. 3, State Constitution, Vernon's Ann.St., in that, neither the caption nor emergency clause refers in any way to a continuing jurisdiction in the divorce court, so far as concerns custody of minor children. This provision of the Constitution has been frequently before the Supreme Court and must be liberally construed. "* * * an act will be upheld as against a contention that it embraces two or more subjects, if its provisions are fairly and legitimately within the general object or subject mentioned in the title, or are 'germane' thereto, 'in any degree'. There may be included in an act any provision which may be considered, by fair intendment, as connected with, and incidental, germane or subsidiary to, the main subject involved". 39 T. J., Statutes, Sec. 41, pp. 88; 89.

Appellants cite Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 116 A.L.R. 1293, (decided since effective date of the statute) as in support of their views, together with certain general language therein. The sole question before Judge Martin in that case was one of jurisdiction of the Texas court to relitigate the issue of custody which had been previously adjudicated by the Missouri court. The present article was in no sense involved and we cannot assume that it was being considered in Goldsmith v. Salkey, either expressly or by implication.

Similarly, the case of Flannery v. Eblen, Tex.Civ.App., 106 S.W.2d 837, cited as adverse to our conclusions here reached, was with reference to a final judgment antedating the statute (article 4639a) and therefore unaffected by the present law. Townsend v. Townsend, Tex.Civ.App., 115 S.W.2d 769.

The matter here involved is of deep concern to the parties at interest; equally so to us, relating as it does to a child's best interest and well-being. The testimony in support of the claims on either side in the judicial scales is nearly equal, but the relationship of mother and daughter is sufficient to preponderate the balance in the mother's favor. The sound discretion exercised by the trial court in materially altering the former judgment of custody is fairly supported by the record and, therefore, must not be disturbed. Consistent therewith and in accord with the views herein expressed, this cause is in all things affirmed.

Affirmed.