H. J. WILSON ET AL V. MOZELL WILSON ET AL.

No. 7701. Decided Octobre 29, 1941.
(155 S. W., 2d Series, 601.)

*Fred T. Porter,* of Kaufman, and *Fred V. Meredith,* of Terrell, for plaintiffs in error.

*Robertson, Leachman, Payne, Gardere & Lancaster,* of Dallas, for defendants in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

On April 22, 1937, in a divorce proceeding in the 68th Judicial District Court of Dallas County, Texas, instituted by Mrs. Mozelle Wilson against H. J. Wilson, the custody of their minor child, Mary Anita Wilson, was awarded to Mrs. Amanda Wilson, the paternal grandmother of the minor. Mrs. Amanda Wilson resided in Kaufman County, Texas. The minor child was then about seven years of age.

On October 25, 1938, Mozelle Noble Underhill, who was formerly Mozelle Wilson, joined by her husband, M. D. Underhill, filed the present suit in the 68th Judicial District Court of Dallas County against Mrs. Amanda Wilson and H. J. Wilson, it being alleged that Mrs. Amanda Wilson was then a resident of Kaufman County. The purpose of the suit was to relitigate the question of the custody of the minor child, Mary Anita Wilson, which custody had been awarded to Mrs. Amanda Wilson by the prior decree of April 22, 1937. The plaintiffs in this action alleged changed conditions which made it to the best interest of the child that her custody be awarded to the mother, Mrs. Underhill. The parties will be designated as in the trial court.

In this proceeding Mrs. Amanda Wilson timely filed a statutory plea of privilege to be sued in Kaufman County. The plaintiffs moved to dismiss this plea on the ground that under Article 4649a of the Revised Statutes of 1925 the 68th Judicial

District Court of Dallas County had the continuing and exclusive jurisdiction of the custody of the child and the suit was properly brought in that court. The motion to dismiss the plea of privilege was sustained, to which action of the court defendants excepted. The case was then tried upon its merits, and resulted in a judgment awarding custody of the child to plaintiff Mrs. Underhill, with certain specified conditions. From this judgment and the order dismissing the plea of privilege defendants prosecuted an appeal. The Court of Civil Appeals affirmed the judgment of the trial court. Wilson v. Underhill, 131 S. W. (2d) 19.

The sole question which has been briefed here is the action of the court in construing Article 4639a, and in holding that under said article the court entering the divorce decree and adjudging custody of the child retained exclusive jurisdiction of the question of the custody until the minor reached the age of sixteen years. The holding of the court on this point is succintly summarized in this language taken from the opinion:

"We think a close perusal of this act, keeping in view the old law, the evil, and the remedy, discloses that it effectually empowers the initial court to retain jurisdiction over the minors involved until sixteen years of age, both as to custody and support. In other words, the statute re-invests the district court with the continuing jurisdiction of the early Courts of Chancery as to children, making them wards of the divorce court during the statutory period."

Shortly after the present case was decided by the Court of Civil Appeals the precise question here presented was decided by the Supreme Court in the case of Lakey v. McCarroll, 134 Texas 191, 134 S. W. (2d) 1016. It is there held that Article 4639a did not have the effect of changing the rule theretofore existing, towit, that the proper venue for an action involving the custody of a minor was the residence of the custodian of such minor. Speaking of said Article 4639a the court said:

"As already stated, the Act manifests no legislative intent to clothe the divorce court with continuous, exclusive jurisdiction or venue of all future actions to relitigate and readjudicate custody of children under sixteen years of age on account of changed conditions."

The question is so directly and unequivocally decided in the

case of Lakey v. McCarroll, supra, as to require no further comment. It is therefore manifest that the court erred in dismissing the plea of privilege filed by Mrs. Amanda Wilson.

The judgments of the Court of Civil Appeals and of the district court are reversed and the cause is remanded to the district court of the 68th Judicial District of Dallas County, Texas, with instructions to change the venue thereof to the District Court of Kaufman County, Texas.

Opinion adopted by the Supreme Court October 29, 1941.