YEAGLE et al. v. BULL.

No. 12169.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 15, 1950.

Rehearing Denied Jan. 10, 1951.

Pichinson, Davis & Hale and Norman L. Utter, all of Corpus Christi, for appellants.

John H. Miller, Sinton, Fischer, Wood, Burney & Glass, Corpus Christi, for appellee.

POPE, Justice.

This is an appeal from an order overruling appellants' plea of privilege.

Appellant Mrs. M. H. Yeagle in 1947 was divorced from John B. Bull by the 36th District Court of Bee County. The decree at that time adjudicated custody and support matters as to the only child born of this union. On December 3, 1949, appellee, John B. Bull, filed an application in the original divorce suit in Bee County seeking a reduction in the amount of the support payments. During April, 1950, after a hearing, the court ordered some reductions in the amount of support. Custody was not brought in issue in this proceeding, but on April 24, 1950, appellee, John B. Bull, filed a pleading in the same divorce action, urging still further reductions in support payments and asking for changes in the original decree as to permanent custody. Appellant Mrs. Yeagle, joined by her husband M. H. Yeagle, filed a plea of privilege to be sued in Nueces County, which admittedly was her residence. Upon an agreed statement of facts, the trial court overruled the plea of privilege and retained venue in Bee County, both as to support and custody.

Appellee contends that since the proper place for an adjudication of support is in Bee County, and since custody may properly be joined with a support hearing, the entire cause may be tried in Bee County to avoid multiplicity of suits.

■ Appellee properly commenced his action for change of support orders in the court originally hearing the cause. It was not until evidence had been heard and a ruling obtained that he injected the matter of custody changes into the hearing. The plea of privilege was admittedly made at the earliest possible time, and under these facts the appellant is entitled to be sued in Nueces County, the county of her residence.

■ By statute, jurisdiction to effect readjustments in support orders is explicitly restricted to the original divorce court. Art. 4639a, Vernon's Ann.Civ.Stats.; Williams v. Williams, Tex.Civ.App., 183 S.W. 2d 260. A hearing to readjudicate support is treated as a continuing cause of action rather than a new and independent cause of action. Wilson v. Wilson, 137 Tex. 528, 155 S.W.2d 601, Com.App., reversing Wilson v. Underhill, Tex.Civ.App., 131 S.W.2d 19.

Change of custody, on the other hand, is treated as a new and independent cause of action with the venue placed in the county of the respondent's residence. Spell v. Green, 144 Tex. 535, 192 S.W.2d 260; Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016; Castleberry v. Castleberry, 134 Tex. 409, 135 S.W.2d 701, Com.App.; Quick v. Lindsay, Tex.Civ.App., 208 S.W. 2d 910; Boyd v. Crabb, Tex.Civ.App., 205 S.W.2d 606.

Support and custody are distinct and unrelated matters with different rules con-

trolling where they may be tried. This frequently compels separate trials. Cf. Ex parte Roberts, 139 Tex. 644, 165 S.W.2d 83; Ex parte Taylor, 137 Tex. 505, 155 S. W.2d 358. Actually, custody and support are intimately related and inextricably interwoven. The amount of support required of a father often depends upon whether his custody privileges be great or small. While a parent's duty to support does not depend upon his enjoyment of his child's custody; nevertheless, during the period he has custody, almost invariably there is a reduction in or termination of his support payments. When he surrenders custody, the amount of his support payments again commence or increase. Other things being equal, the availability of support sometimes necessarily controls the decision as to the award of custody. Wilson v. Underhill, Tex.Civ.App., 131 S.W.2d 19. Moreover, as is in the instant case, after the hearing in Bee County on the matter of support, appellee may proceed in Nueces County to redetermine custody. This may require a third hearing in Bee County to adjust the support in line with any changed custody. This was the effect of the holding in the Williams case in which the judgment was affirmed in part because the custody matter was heard in the proper county, but was reversed and rendered in part because the matter of support was heard in the wrong county.

Mr. Justice Young in Wilson v. Underhill [131 S.W.2d 23], correctly stated that "custody is properly incident to support, or vice versa—one a necessary complement to the other * * *", but Article 4639a would not permit such a result. Wilson v. Wilson, 137 Tex. 528, 155 S.W.2d 601. The time of his prediction that this anomalous situation may result in judicial confusion and conflict, and hinder the maximum beneficial operation of statutes concerning children and families, has now arrived. Such results are contrary to sound sociology and the greater weight of American authority, Emrich v. McNeil, 75 App.D.C. 307, 126 F.2d 841, 146 A.L.R. 1153.

Notwithstanding this unrealistic approach to the vital matter of family relations, the Legislature, by including within Article 4639a, provisions relating to changed orders for support and excluding provisions relating to the complementary matter of custody, manifests, as has been frequently held, a legislative intent to treat the proceedings as disconnected, separate, unrelated and independent.

The trial court's judgment overruling the plea of privilege insofar as it relates to a trial on child support is affirmed, and insofar as it relates to a trial on child custody is reversed and remanded with instructions to transfer the case to Nueces County.