## NOGUESS v. BORDER MOTOR CO. et al.
### No. 4742.

Court of Civil Appeals of Texas. Beaumont.
March 29, 1951.

O'Fiel & O'Fiel, Beaumont, for appellant.

Baker, Vaughan & Black, Port Arthur, for appellees.

R. L. MURRAY, Justice.

This is an appeal from an order of the district court of Orange County, sustaining the pleas of privilege of Leslie Cloar and Howard M. Smith, residents of Jefferson County.

A. J. Noguess, appellant, brought suit in the district court of Orange County against Border Motor Company, which was alleged to be a firm doing business in Orange County and owned by Leslie Cloar and Howard M. Smith, and General Motors Corporation, a Delaware corporation. The petition al-

leged in substance that General Motors Corporation was a manufacturer of Buick automobiles and Border Motor Company was engaged in the sale of Buick automobiles in Orange County; that in August, 1949, appellant purchased a Buick automobile from Border Motor Company and that shortly thereafter many named mechanical defects were discovered in said car, because of which the car was unusable; that appellant had reported this to Border Motor Company which had made unsuccessful attempts to remedy the defects; that he tendered to the defendant the automobile and demanded the return of the money paid for it; he also alleged that he had been caused an expense of $175 in the purchase of extra oil and in repairs; he alleged that General Motors Corporation as manufacturer delivered said car to Border Motor Company with an express guarantee of its fitness, and in the alternative alleged an implied warranty of the fitness and the good mechanical condition of said car. Appellant prayed in his petition for judgment for his damages against all defendants jointly and severally or severally as the facts might show.

General Motors Corporation filed an answer consisting of special exceptions and a general denial, and is not a party to this appeal.

Appellees, Leslie Cloar and Howard M. Smith, filed their pleas of privilege, alleging that they were not residents of Orange County and were residents of Jefferson County and no exception to exclusive venue in the county of one's residence, provided by law, existed in said cause.

Appellant filed his controverting affidavit to said pleas of privilege, alleging as follows:

(1) That Leslie Cloar was a resident of Orange County and was a necessary party to the suit because he was of the partnership owning Border Motor Company and that said Border Motor Company was domiciled in Orange County, and said Howard M. Smith is one of the partners in Border Motor Company and is interested in the outcome of said suit and that therefore venue of the suit might be maintained in Orange County under Sub-Sections 29a and 23, Article 1995, Rev.Civ.Statutes of Texas;

(2) that the matters in controversy were based upon a contract in writing between Border Motor Company and Noguess whereby the said defendants "agreed in writing to perform an obligation in Orange County, Texas, and to-wit, the sale of said automobile," and that venue of this suit was entitled to be maintained in Orange County under Subdivisions 4 and 5, Article 1995, supra;

(3) that suit might be maintained in Orange County on the matters set forth in his pleadings against said Border Motor Company, "under Rule 28 providing that a partnership or other unincorporated association or individual doing business under an assumed name may be sued or sue in the partnership for the purpose of enforcing against it a substantive right; and that Border Motor Company, being a partnership, or an unincorporated association or doing business under an assumed name, having their domicile or place of business in Orange County are entitled to sue or be sued in Orange County."

Upon the hearing upon the pleas of privilege it was established from the evidence that appellees, Cloar and Smith, were residents of Jefferson County at all times material to the lawsuit and have been for many years, and that neither of them maintained his residence in Orange County, and they were the two parties owning Border Motor Company.

We will discuss the appeal of the appellant by reference to the three matters set forth in his controverting affidavit, which are set out above in this opinion.

▆▆▆ (1) A simple partnership, such as Border Motor Company was shown to be, can have no residence for venue purposes other than the residence of the partners, and, therefore, venue can not be maintained in Orange County against the partners or the partnership under Sub-Section 23 of the Venue Statute, Article 1995, Vernon's Annotated Civil Statutes of Texas. Heid Bros. v. Mueller-Huber Grain Co., Tex.Civ. App., 185 S.W.2d 470; Bubble-Up Bottling Co. v. Lewis, Tex.Civ.App., 163 S.W.2d

875. Since Mr. Cloar was not a resident of Orange County, as contended by the appellant, venue against Mr. Smith could not be held in Orange County under Sub-Section 29a, Article 1995, supra.

■ (2) Under the second paragraph in his controverting affidavit, appellant contends in his brief that a written instrument called a buyer's policy was delivered to appellant by Border Motor Company, which buyer's policy entitled the owner of the purchased car to certain service privileges by Buick dealers and that this instrument was a contract in writing to be performed in Orange County and hence venue could be maintained in that county. We have examined the petition of the appellant filed in the district court and as we construe it, his suit is brought for the purpose of recovering damages suffered by him because of a breach of warranty, either expressed or implied, as to the qualities of the automobile purchased. No-where in his petition does he allege that he is seeking to compel the performance of a contract performable in Orange County. In the controverting plea it is alleged that by a contract in writing Border Motor Company agreed to perform an obligation in Orange County, to-wit, the sale of said automobile. It is obvious that he is not suing to compel the sale of the car to him. The petition does not allege any contract in writing agreed to be performed by anyone in Orange County. See Laughlin v. Nordyke, Tex.Civ.App., 215 S.W.2d 424. Venue under Sub-Sections 4 and 5, Article 1995, supra, therefore cannot be maintained in Orange County.

■ (3) Concerning the third paragraph set forth by the appellant in his controverting affidavit, Rule 28, Texas Rules of Civil Procedure, excluded simple partnerships from the effects of such rule. Heid Bros. v. Mueller-Huber Grain Co., supra. Venue against the two partners, Cloar and Smith, could therefore not be maintained in Orange County under said Rule 28. We note that in this case, as was done in Heid Bros. v. Mueller-Huber Grain Co., supra, the plea of privilege was filed individually by the two partners comprising the partnership without naming the partnership itself in the affidavit. The court there held that this plea constituted a plea of privilege in behalf of the partnership as well as the individual members thereof. Applying this holding here, it appears that the pleas of privilege filed by appellees Cloar and Smith, and sustained by the trial court served in effect also as a plea of privilege of Border Motor Company.

We find no error in the action of the trial court in sustaining the pleas of privilege, and the judgment is affirmed.