**Roy Arval SIEWART, Appellant,**

v.

**Elizabeth Aileen SIEWART, Appellee.**

**No. 7609.**

Court of Civil Appeals of Texas.

Amarillo.

April 18, 1966.

Carleton P. Webb, Post, for appellant.

Nelson, McCleskey & Harriger, Lubbock, James A. Walters, Lubbock, of counsel, for appellee.

CHAPMAN, Justice.

This is an appeal by Roy Arval Siewart from an order of the trial court sustaining a plea of privilege of his former wife, Elizabeth Aileen Siewart, to be sued in the county of her residence.

In September 1957 a divorce from appellant was granted to appellee in the District Court of Garza County, custody of the two minor children was awarded to her, and appellant was required to contribute $30 per month to the support of each minor child until each child reached eighteen years of age.

In August 1965 by verified petition filed in Garza County appellee sought to enforce the original child support order of the child still under eighteen years of age by application to adjudge appellant in contempt. Said petition did not seek to change, alter, modify or increase any rights awarded in the original divorce case but only to enforce that part of the decree requiring support.

Appellant filed a counter-claim to the petition seeking enforcement of support payments, alleging a change of condition which he asserted required the custody of Kerry Orville Siewart, a boy then twelve years of age, be awarded to him. Appellee filed her plea of privilege to have the custody hearing moved to the county of her residence, Bailey County. Such plea was controverted by allegations that appellee in filing her petition seeking enforcement of support payments, submitted herself to the jurisdiction of the District Court of Garza County for litigation of the custody of the child. We hold the trial court was correct in sustaining the plea of privilege.

That part of the judgment in the divorce proceedings in September 1957 was res judicata of the question of the child's best interests and custody at that time.[1] Thus, allegations of a subsequent material change of conditions represented by appellant's suit here brings into being a new and independent cause of action, Goldsmith v. Salkey, supra, and is controlled by the gen-

1. Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787; Goldsmith v. Salkey, 131 Tex. 139, 112 S.W. 2d 165, 116 A.L.R. 1293.

eral laws of venue. Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016; Wilson v. Wilson, 137 Tex. 528, 155 S.W.2d 601.

The rule is different concerning child support payments. In this part of the judgment the court which granted the original divorce decree has exclusive, continuous venue and jurisdiction to enforce or alter orders concerning child support. Article 4639a, Vernon's Ann.Tex.Civ.St.; Ex Parte Roberts, 139 Tex. 644, 165 S.W. 2d 83, 85. This is necessary in order for the court to issue contempt proceedings to enforce child support payments, one trial court not having authority to act as agent of another to inflict punishment for contempt. Ex Parte Gonzalez, 111 Tex. 399, 238 S.W. 635.

Therefore, appellee had no choice of the forum through which she could enforce the support payments. She had to go back into the original court which granted the original decree.

The San Antonio intermediate appellate court in Yeagle v. Bull, Tex.Civ.App., 235 S.W.2d 226 (N.W.H.) speaking through Justice Pope in 1950 held: "Change of custody, on the other hand, is treated as a new and independent cause of action with the venue placed in the county of respondent's (appellee here) residence." (Parenthetical statement ours.) The San Antonio court further held:

"* * * the Legislature, by including within Article 4639a, provisions relating to changed orders for support and excluding provisions relating to the complementary matter of custody, manifests, as has been frequently held, a legislative intent to treat the proceedings as disconnected, separate, unrelated and independent."

The difference in the facts in Yeagle and our case are not material enough to make a distinction in applying the law there announced to the instant case. There the father filed suit in the court that had tried the original divorce, seeking to reduce payments and for change of custody. The mother lived in another county and her plea of privilege was sustained as to the custody hearing. We find no fault in Yeagle with the reasoning applied to the conclusions reached to the effect that the party out of whom custody was sought to be changed was entitled to be sued in the county of her residence. If the San Antonio court was correct we believe that case is decisive of ours here.

Appellant relies on Hughes v. Hughes, Tex.Civ.App., 211 S.W.2d 785 (mand. ref). That case is easily distinguishable from the Yeagle case and our case. There a comprehensive suit was filed seeking many grounds of relief, some not exclusive to the original court. That court held *by filing the comprehensive petition* in the District Court of Taylor County appellant submitted to the jurisdiction of that court as to all matters growing directly out of the subject matter of her suit and thereby waived her right to assert the privilege of being sued for custody of the child in the county of her residence. Appellee here sought no change or modification whatever of the original decree, but only that right which gave her no choice of the forum. (Emphasis added.)

In his Point No. 2 appellant contends the question of counter-claim is not a venue question, that a plea of privilege should be limited to cases in which the original defendant or a new cross-defendant is added, and that a plea of privilege is not a protection for the party who has originally sought the good offices of the court in which the cross-action is filed.

Appellant cites no case which he claims sustains his contention on his second point. We believe the following authorities refute his contentions: Green v. Spell, Tex.Civ. App., 191 S.W.2d 92; Spell v. Green, 144 Tex. 535, 192 S.W.2d 260; Goodman v. Goodman, Tex.Civ.App., 236 S.W.2d 641,

643 (N.W.H.); Yeagle v. Bull, supra; Taylor v. Taylor, Tex.Civ.App., 348 S.W. 2d 226 (N.W.H.) and cases there cited.

Accordingly, the judgment of the trial court is affirmed.