**John Henry FAULK, Appellant,**

v.

**Lynn Faulk CASTANEDA, Appellee.**

No. 11732.

Court of Civil Appeals of Texas, Austin.

Jan. 28, 1970.

Clinton & Richards, Sam Houston Clinton, Jr., Austin, for appellant.

Lynn Castaneda, Toronto, Ontario, Canada, for appellee.

PHILLIPS, Chief Justice.

This case presents questions as to the jurisdiction and authority of the court below to modify a divorce decree pertaining to child support entered by that court in a prior divorce action.

The trial court dismissed the application for want of jurisdiction.

We reverse and remand the case.

Appellant filed suit for divorce against appellee in the 126th District Court of Travis County in 1964 and the court rendered judgment for appellant awarding him custody of the three minor children and certain items of his separate property.

Later in 1964 appellant and appellee entered into an agreement in which custody of the minor children was awarded appellee and provisions made for their support. Appellant then filed a motion to modify the prior judgment of the court and, after a hearing, the court entered an order modifying its prior judgment. This latter order awarded the custody of the minor children to appellee " * * * to be subject to full compliance with the terms and conditions of a certain contract or agreement * * * which makes provisions for the custody, financial security and visitation rights" and providing that "a true copy of which contract and agreement is attached hereto and made a part hereof to all intents and purposes as though fully set forth herein."

This contract stipulates that any change in monthly payments for child support would be subject to arbitration by a certain person in a certain firm located in New York City.

In 1965, appellee having remarried, a dispute arose between the parties concerning payment of child support and was submitted to arbitration in New York. The result of this arbitration was to award appellee a sum for arrearages and appellant was directed to continue to comply with certain provisions of the court's order. Appellant was further ordered to make child support payments in specific amounts depending on certain contingencies, beginning with $300 per month on April 1, 1966.

In May of 1969, appellant filed his motion, now before this Court, for a modification of the trial court's judgment.

Service of the motion was had on appellee who then and now resides in Toronto, Canada. Appellee then filed an affidavit which she asked be accepted, as a special appearance for the purpose of challenging the jurisdiction of the court. Texas Rules of Civil Procedure, rule 120a. The affidavit also contained allegations in the nature of an answer should the special appearance be overruled.

Appellant is before this Court on five points of error,[1] briefed together, which

---

1. POINT ONE: The trial court erred in finding that it was without jurisdiction to consider application to modify the September 18, 1964, judgment and October 28, 1964 order; POINT TWO: the trial court erred in dismissing application to modify the September 18, 1964, judgment and October 28, 1964 order;

complain of the court's action in dismissing the case for want of jurisdiction and for appointing an attorney for appellee and charging appellant with attorney's fees.

We grant appellant's point with respect to the jurisdiction of the court and decline to pass on the question of attorney's fees at this time.

Ex parte Mullins, 414 S.W.2d 455 (Tex. 1967), holds that the court which granted the divorce has exclusive jurisdiction to make orders concerning child support. That subsequent motions to change or modify child support orders constitute a continuation of the original cause of action for divorce and must be filed in the original divorce suit.

The court further held that, since its adoption in 1935, Vernon's Ann.Tex.Rev. Civ.Stat. art. 4639a has been consistently construed as granting exclusive jurisdiction to change and amend support orders to the court which rendered the original divorce decree.

■ The *notice* required by this statute is not a citation but notice in a pending suit. Lacy v. Lacy, 122 S.W.2d 1104 (Tex. Civ.App., Dallas, 1938, no writ); Wilson v. Underhill, 131 S.W.2d 19 (Tex.Civ.App., Dallas, 1939, reversed on other grounds); Hill v. W. E. Brittain, Inc., 405 S.W.2d 803 (Tex.Civ.App., Fort Worth, 1966, no writ); Parr v. Leal ex rel. Duval County (290 S.W.2d 536, Tex.Civ.App., San Antonio, 1956, no writ). See Tex.R.Civ.P. 21a and Tex.R.Civ.P. 308–A.

■ The 126th District Court of Travis County still retains jurisdiction in spite of the abovementioned contract entered into between the parties concerning the arbitration of child support matters. Mobley v. Mobley, 221 S.W.2d 565 (Tex.Civ.App., San Antonio, 1949, no writ); Brady v. Hyman, 230 S.W.2d 342 (Tex.Civ.App., San Antonio, 1950, no writ).

Appellant complains of the court in appointing an attorney to represent appellee and the assessment of attorney's fees against him. Inasmuch as the case is still pending before the court we do not pass on this point other than to state that Tex. Rev.Civ.Stat.Ann., art. 1917 provides for the appointment of attorneys by the court and Tex.R.Civ.P. 308–A controls costs and attorney's fees in child support cases.

We reverse and remand this case to the trial court.

POINT THREE: the trial court erred in overruling special exception to so-called "opposing affidavit" and defendant's special appearance under Rule 120a, T.R.C.P. to the effect that the same were insufficient to constitute a special appearance since neither contended that Castaneda "is not amenable to process issued by the courts of this State;" POINT FOUR: the trial court erred in overruling special exception to defendant's special appearance under Rule 120a, T.R.C.P. to the effect that the same was insufficient since it was not made "by sworn motion filed prior to * * * any other plea, pleading or motion," and POINT FIVE: the trial court erred in appointing an attorney ad litem to represent interests of Castaneda at hearing to determine whether an attorney should be appointed to represent interests of Castaneda and children of the parties in further proceedings on motion to modify judgment and in directing Faulk to pay the fee of such attorney ad litem.