Sam McCALL, Appellant,

v.

Wayne SADLER and Jim Wann, Appellees.

No. 4465.

Court of Civil Appeals of Texas, Eastland.

April 30, 1971.

Clayton E. Evans, Ft. Worth, for appellant.

Dalton, Moore, Forde, Joiner & Stollenwerck, Sam Stollenwerck, Dallas, for appellees.

COLLINGS, Justice.

Sam McCall brought this suit in the District Court of Tarrant County against Wayne Sadler and Jim Wann seeking to show that he was a partner with defendants in the conduct of their partnership business in Dallas County. Plaintiff sought an accounting, the appointment of a receiver and distribution of the alleged partnership property. The defendants filed a plea of privilege on behalf of their partnership asserting that they were partners in the association of Sadler and Wann, and that such partnership was not at the institution of this suit nor at the time of service of process, nor at the time of the filing of such plea a resident of Tarrant County, but that the residence of such partnership was at all such times in Dallas County. The plea of privilege hearing was had and on November 20, 1970 the court sustained the plea and directed the cause to be transferred to the District Court of Dallas County. Plaintiff Sam McCall has appealed.

Appellant McCall in his controverting plea alleged that Sadler and Wann were partners as manufacturers representatives and that a partnership was formed between him and appellees; that one of the appellees was a resident of Tarrant County and that the non-resident appellee was a necessary party to the suit, and that suit could be maintained in Tarrant County under Subsection 4 of Article 1995, Vernon's Ann.Rev.Civ.St. Appellant also asserted in his controverting affidavit that for venue purposes a partnership can have no residency other than the residence of the partners, and prayed that the plea of privilege be overruled. Appellees denied the existence or creation of a partnership between them and appellant, although they admit in their plea of privilege that they are partners in the association of Sadler & Wann. Appellees further stated in their plea of privilege that the association of Sadler and Wann was not a resident of Tarrant County at any time material hereto, but was a resident of Dallas County.

■ The statutory right to be sued in the county of one's residence must be asserted by proper pleadings or the plea of privilege is waived. Everts v. Garlington, 117 S.W.2d 820 (Tex.Civ.App., 1938); Lacy v. Lacy, 122 S.W.2d 1104 (Tex.Civ. App., 1938); Texas and Pacific Ry. Co. v. Wood, 145 Tex. 534, 199 S.W.2d 652 (1947).

Rule 86 Texas Rules of Civil Procedure provides that:

"A plea of privilege to be sued in the county of one's residence shall be in writing and sworn to, and shall state that the party claiming such privilege was not, at the institution of such suit, nor at the time of the service of process therein, nor at the time of filing such plea, a resident of the county in which suit was instituted, and shall state the county of his residence, and the post office address of himself or his attorney and that 'no exception to exclusive venue in the county of one's residence provided by law exists in said cause'.

A plea of privilege to be sued in a county other than the county of one's residence shall be in writing and sworn to and shall state that the party filing the plea is asserting venue under and by virtue of one or more specific statutory provisions which shall be clearly designated or indicated."

■ The purported plea of privilege in the instant case was not a proper plea of privilege in accordance with the terms of Rule 86, supra. The plea was not a plea by individuals to be sued in the county of their residence but by its terms was a plea claimed by the partnership of "Sadler and

Wann", seeking to have the case transferred to Dallas County, the place of residence of the partnership. As contended by appellant a partnership has no residency for venue purposes other than the residence of the partners. Heid Bros. v. Mueller-Huber Grain Co., 185 S.W.2d 470 (Tex.Civ. App., 1944); J. A. & E. D. Transport Co. et al v. Rusin (202 S.W.2d 693 (Tex.Civ. App., 1947); Noguess v. Border Motor Co. et al, 238 S.W.2d 302 (Tex.Civ.App., 1951); Eastex Poultry Co. et al v. Benefield, 268 S.W.2d 270 (Tex.Civ.App., 1954).

The plea of privilege as heretofore indicated was not a plea by the individual defendants claiming the right to be sued in the county of their residence. There was no allegation therein that the individual defendants were not residents of Tarrant County, where the suit was brought, although the record does show that the residence of appellee Wann is in Tarrant County, and that the residence of Sadler is in Dallas County. The only allegation of the plea of privilege was that the residence of the partnership was not in Tarrant County but was in Dallas County. In appellant's controverting affidavit it was pointed out that a partnership has no residence for venue purposes other than the residence of the partners. Appellees did not alter or amend the allegations of their plea. There was no allegation in the plea concerning the residence of either Sadler or Wann, nor a plea to have the cause transferred thereto. By failing to file a plea of privilege to be sued in the county of their residence in compliance with the requirements of Rule 86, supra, appellees as individuals have failed to file proper pleas of privilege. Their only plea was on behalf of the partnership to have the cause transferred to Dallas County, the alleged residence of the partnership. This is not a proper plea of privilege and the court erred in granting it.

The judgment is reversed and judgment is rendered overruling the purported plea of privilege.