

# THE ATTORNEY GENERAL
# OF TEXAS

April 7, 1987

JIM MATTOX
ATTORNEY GENERAL

Robert Bernstein, M.D.            Opinion No. JM-669
Commissioner of Health
Texas Department of Health        Re:  Reconciliation of conflicting
1100 West 49th Street             portions of House Bill No. 1732, Acts
Austin, Texas   78756             1985, 69th Leg., ch. 913, and House
                                  Bill No. 2091, Acts 1985 69th Leg.,
                                  ch. 931, which amend article 4476-5,
                                  V.T.C.S., the Texas Food, Drug and
                                  Cosmetic Act

Dear Dr. Bernstein:

     You ask about the construction of two conflicting statutory
provisions enacted by the 69th Legislature. Acts 1985, 69th Leg., ch.
913, §1, at 3054, 3061 (adding §5A to the Texas Food, Drug and
Cosmetic Act, article 4476-5, V.T.C.S.) (introduced as and hereinafter
referred to as House Bill No. 1732); Acts 1985, 69th Leg., ch. 931,
art. 5, §7, at 3121, 3140 (adding §23b [editorially renumbered by
Vernon's as §29] to the Texas Food, Drug and Cosmetic Act, article
4476-5, V.T.C.S.) (introduced as and hereinafter House Bill No. 2091).
House Bill No. 1732 amends only article 4476-5, whereas House Bill No.
2091 amends a number of statutes, including article 4476-5.

     You point out that the cited bills both provide for adminis-
trative monetary penalties to be assessed against persons who violate
article 4476-5.  The provisions in House Bill No. 1732, however,
differ from those in House Bill No. 2091.  Fortunately, the legisla-
ture was aware that House Bill No. 1732 and House Bill No. 2091
contained similar, but conflicting, provisions and provided in House
Bill No. 2091 that if the legislature enacted both bills, the
provisions of House Bill No. 1732 would prevail over the provisions of
House Bill No. 2091 to the extent of any conflict. Acts 1985, 69th
Leg., ch. 931, art. 21, §3, at 3175.

     Your question is whether the provisions regarding monetary
penalties in House Bill No. 1732 prevail "over the entirety of" the
provisions regarding monetary penalties in House Bill No. 2091 or
whether "a line by line reconciliation" is necessary.

     House Bill No. 2091 states, in part:

          If a person violates [article 4476-5] or a rule
     or order adopted or registration issued under

p. 3063

> [article 4476-5], the Department of Health may assess a civil penalty against that person as provided by this section.

Acts 1985, 69th Leg., ch. 931, art. 5, §7, at 3140. House Bill No. 1732 states, in part:

> If a person violates any provision of Section 3 of [article 4476-5] or an order adopted or registration issued under [article 4476-5], the commissioner may assess an administrative penalty against that person as provided by this section.

Acts 1985, 69th Leg., ch. 913, §1, at 3061.[1] House Bill No. 1732 provides for a maximum penalty of $25,000 a day for each violation, while House Bill No. 2091 provides for a maximum penalty of $10,000 a day. Both bills set out factors to be considered in determining the penalty to be imposed, both contain notice and hearing requirements, and both provide for judicial review of the administrative action.

We understand your question about line-by-line reconciliation to be whether provisions regarding monetary penalties in House Bill No. 2091 that are not in direct conflict with provisions regarding monetary penalties in House Bill No. 1732 are valid provisions of article 4476-5. For example, House Bill No. 2091 provides that the Department of Health may issue a report stating that the department has concluded that a violation has occurred and recommending a proposed penalty. Such a report operates as a charge against the

---

1. At first glance, House Bill No. 1732 appears to be narrower than House Bill No. 2091 because House Bill No. 1732 provides for penalties for violations of section 3 of article 4476-5, while House Bill No. 2091 provides for penalties for any violation of article 4476-5. Section 3 of article 4476-5, however, is a list of unlawful and prohibited acts. Most other sections of article 4476-5 are not phrased in terms of prohibitions, see, e.g., §§1, 2, 4 though 9. Other sections of the act simply define or explain terms used in section 3. See, e.g., V.T.C.S. art. 4476-5, §§10, 11 (defining "adulterated" and "misbranded" food). See also V.T.C.S. art. 4476-5, §3(e) (prohibiting introduction into commerce of any article in violation of sections 12, 18, and 19 of article 4476-5); §3(d) (prohibiting the distribution in commerce of commodities not labeled in conformity with provisions of article 4476-5). Therefore, the scope of House Bill No. 1732 is not significantly narrower than the scope of the provision in House Bill No. 2091. Consequently, we do not think that House Bill No. 1732 can be read as a specific exception to the general provisions set out in House Bill No. 2091. See generally Flowers v. Pecos River Railroad Co., 156 S.W.2d 260, 263-64 (Tex. 1941).

possible violator named in the report. House Bill No. 1732, in contrast, is silent on the subject of how a charge concerning a possible violation is to be made. In that context your question would be whether the provisions in House Bill No. 2091 regarding reports by the Health Department are to be incorporated into the provisions of House Bill No. 1732.

We conclude that the scheme set out in House Bill No. 1732 is the law and that the scheme set out in House Bill No. 2091 is nugatory. Because the legislature provided that House Bill No. 1732 would prevail in the case of conflict, it was obviously aware that House Bill No. 1732 and House Bill No. 2091 contained similar, but conflicting, schemes for the assessment of monetary penalties under article 4476-5. Each scheme covers essentially the same ground even though each is more detailed than the other in some respects. We think, therefore, that the legislature intended that if both bills were enacted, the entire scheme set out in House Bill No. 1732 would prevail over the scheme set out in House Bill No. 2091. We do not think that the legislature intended to give the Health Department the formidable task of carving out any detail of House Bill No. 2091 not in direct conflict with House Bill No. 1732 and making it part of the law governing assessment of monetary penalties. See Wilson v. Underhill, 131 S.W.2d 19, 23 (Tex. Civ. App. - Dallas 1929) (legislative act should never be construed as to render it impracticable of enforcement), rev'd on other grounds, Wilson v. Wilson, 155 S.W.2d 601 (Tex. 1941). Therefore, the scheme set out in House Bill No. 1732 regarding monetary penalties in its entirety prevails over the scheme set out in House Bill No. 2091.

Our conclusion should not be interperted, however, to mean that the Board of Health is prohibited from adopting by rule details of the scheme set out in House Bill No. 2091 that complement the scheme set out in House Bill No. 1732. See V.T.C.S. art. 4476-5, §24(a) (Board of Health may adopt rules for efficient enforcement of article 4476-5).

## S U M M A R Y

The provisions regarding monetary penalties under article 4476-5, V.T.C.S., Acts 1985, 69th Leg., ch. 913, §1, at 3061, prevail over the provisions regarding monetary penalties under article 4476-5, V.T.C.S., in Acts 1985, 69th Leg., ch. 931, art. 5, §7, at 3140.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General